John, Respondent, vs. Pierce, Appellant, and another, Respondent.

*May 6—June 23, 1920.*

*Automobiles: Law of the road: Violation of statute: Negligence: Contributory negligence of driver of automobile imputed to occupant: Evidence: Res gestæ: Admissions: Instructions as to relative weight: Testimony not objected to: Effect.*

1. The violation of secs. 1636—49 and 1636—49b, Stats., by turning an automobile to the left instead of to the right on approaching another automobile, is in itself negligence.

2. Statements made by the driver of an automobile, immediately after a collision with another car and at the place of collision, are a part of the *res gestæ*, being on the same footing as any other facts relating to the immediate transaction.

3. Where statements were received as part of the *res gestæ*, as were also statements in the nature of admissions, it was error in instructing the jury not to point out the distinction between the two classes of evidence, as the jury might infer they were to use more caution in believing the testimony as to conversations which were part of the *res gestæ* than the testimony as to other facts immediately surrounding the transaction.

4. Testimony not objected to at the trial may be considered by the jury.

5. Where it is shown that the driver of the automobile in which plaintiff was riding turned to the left instead of to the right upon meeting defendant's automobile, a charge in general terms that the latter had a right to assume that every person whom he meets will exercise ordinary care to avoid injury is insufficient; and a requested instruction that he had a right to expect that a turn to the right would be made, until such time as an ordinarily prudent person would know otherwise, should have been given.

6. The driver of an automobile on a highway has the right to assume that an automobile coming in the opposite direction will keep to the right.

7. Contributory negligence on the part of the driver of the automobile in which plaintiff was riding would defeat his right to recover for damages received in a collision with another automobile, also negligently driven.

Appeal from a judgment of the circuit court for Milwaukee county: Walter Schinz, Circuit Judge. *Re-*

*versed as to defendant Pierce; affirmed as to defendant Johnson.*

The plaintiff was a passenger in the front seat of an automobile driven by defendant *William B. Johnson* on a highway in Waukesha county August 18, 1918. They were proceeding westerly at about the center of the highway at from fifteen to eighteen miles per hour. On approaching a bend in the highway the driver, *Johnson,* saw coming around from the west, at a speed at such time of between twenty-five and thirty miles per hour, an automobile belonging to the defendant *Frederick L. Pierce* and being driven by *Mr. Pierce's* daughter. The traveled portion of the highway at this point was about twenty feet in width. In front and on *Johnson's* left-hand side was a level open space on the side of the road made by an old gravel pit. To *Johnson's* right and outside the traveled way were some trees and some clear space. Under *Johnson's* own testimony, the moment he saw the automobile approaching at a high speed he, *Johnson,* immediately turned his automobile quite sharply to the left and did not again look to see where the *Pierce* car was until just the moment of the collision between the two. This collision occurred just a little outside of the traveled portion of the highway in the gravel pit. The cars met practically head on, and several of the respective occupants were injured.

Plaintiff commenced this action alleging various grounds of negligence on the part of the defendant *Pierce* and made *Johnson* also a party defendant, but alleging no ground of negligence as against him, stating that he was made defendant that he, *Johnson,* might be bound by whatever judgment was rendered in the action, on the ground that the defendant *Pierce* claimed that the collision was proximately caused by the carelessness and negligence of the defendant *Johnson.* Plaintiff prayed for judgment against the defendant *Pierce,* and in the event only that the defendant

*Pierce* succeeds in such claims and they are found to be true that then only and in that alternative he, plaintiff, may have judgment against *Johnson.*

To this complaint defendant *Johnson* demurred. The defendant *Pierce* then moved the court for permission to be allowed to file a cross-complaint against the defendant *Johnson,* alleging that the injuries to plaintiff were caused by the negligence of *Johnson,* and that by reason thereof there was a right on the part of defendant *Pierce* to be indemnified by said *Johnson* for any loss or damage which he, *Pierce,* might sustain by reason of plaintiff's claim.

The demurrer of defendant *Johnson* to the complaint was sustained. An order made *Johnson* a party, and the amended summons and complaint were served upon him.

The defendant *Johnson* then demurred to the complaint again and demurred separately to the cross-complaint. Upon hearing, the demurrer to the amended complaint was again sustained and that to the cross-complaint overruled. The defendant *Johnson* then answered the cross-complaint, and the cause proceeded to trial upon such pleadings.

Near the close of the trial the plaintiff, with the understanding that defendant *Pierce* would make no objection to such action, asked to amend the complaint by alleging on information and belief that the defendant *Johnson* carelessly and negligently operated the automobile in which plaintiff was riding, by failing to keep a proper lookout; to be on the proper side of the road; and by failing to keep his car under proper control; and that if the jury should find negligence in such particulars as a proximate cause of plaintiff's injuries, judgment might go in plaintiff's favor against said defendant. And he then submitted the witnesses that had been called on his part for further cross-examination by defendant *Johnson's* attorneys. The ruling on such motion was withheld until the close of the testimony. Defendant *Johnson* then moved for a directed verdict in his favor for a dismissal. The court denied the

motion to amend the complaint, but at first ruled that he would not grant the motion of defendant *Johnson* until after the jury returned the special verdict, lest the jury might draw some improper inference or conclusion from the granting of such motion.   However, while the jury were considering the special verdict the court called them in and then directed them to find a verdict in favor of defendant *Johnson*, but at the same time cautioning them that they were to draw no inference whatsoever from such action on his part in their consideration of the special verdict.

By special verdict the jury found as follows:

First, that there was a failure to exercise ordinary care in the operation of defendant *Pierce's* automobile by his daughter as it approached and collided with the *Johnson* automobile.

Second, such want of ordinary care was a proximate cause of plaintiff's injury.

Third, that there was no want of ordinary care on the part of defendant *Johnson* proximately contributing to plaintiff's injuries.

Fourth, plaintiff's damages were assessed at the sum of $5,200.

After respective motions by the parties the court granted judgment in favor of the plaintiff for the amount of the verdict, and from the judgment entered in accordance therewith defendant *Pierce* has appealed.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Ralph M. Hoyt,* all of Milwaukee.

For the respondent *John* there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Nathan Glicksman.*

For the respondent *Johnson* there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Charles B. Quarles* and *Edgar L. Wood,* all of Milwaukee.

ESCHWEILER, J. It is undisputed in this case that *Mr. Johnson,* the driver of the car in which plaintiff was riding at the time of the collision, turned to his left as he saw the *Pierce* car approaching. In so doing he violated the law of the road as embodied in the statutes, secs. 1636—49 and 1636—49b, in failing to turn to the right in approaching and passing. Such a violation of the penal statutory provisions regulating the use of highways was of itself negligence. *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988; *Yahnke v. Lange,* 168 Wis. 512, 516, 170 N. W. 722, and cases cited therein.

Under the evidence in this case showing that the collision occurred immediately upon such negligence by *Johnson,* we are convinced that the finding of the jury that there was no want of ordinary care on *Johnson's* part that proximately contributed to produce plaintiff's injury was very probably arrived at by them on account of errors occurring on the trial and which we must deem prejudicial and requiring a reversal of the judgment.

Immediately after the collision and as some of the injured occupants of the respective automobiles were being taken away from the immediate point of collision, certain conversations were had with *Mr. Johnson;* which, under the testimony as presented by defendant *Pierce* concerning them, would warrant an inference by the jury that the collision occurred by reason of *Johnson's* negligence rather than that of any other person. Conversations of a similar nature were had a few minutes afterwards when some of the injured persons, including the daughter of defendant *Johnson,* had been removed to a house in the neighborhood, and still another within an hour or two after the accident at the residence of a friend to which *Mr. Johnson,* the plaintiff, and others of the party had gone.

In charging the jury the court said as follows:

"There has been some evidence as to what *Mr. Johnson* said shortly after the collision. The weight to be given to

testimony of admissions is to be determined by the jury. Such testimony should be received with great caution. Statements or admissions of a party satisfactorily proven and understandingly and deliberately made, which bear upon or give character to the acts of a party or throw light upon a pending controversy, may have very great force as evidence and are proper to be considered by the jury. But evidence of casual statements or admissions of a party, made in casual conversation to disinterested persons, should be considered by the jury in determining the weight to be given to them in view of the liability of witnesses to misunderstand or forget just what was said, depending upon all the surrounding circumstances."

Exception was taken to this portion of the charge, and we think properly. The statements made by *Mr. Johnson* immediately after and at the place of the collision were properly received as parts of the *res gestæ*. *Dixon v. Russell,* 156 Wis. 161, 145 N. W. 761; *Cohodes v. Menominee & M. L. & T. Co.* 149 Wis. 308, 135 N. W. 879; *First Nat. Bank v. Industrial Comm.* 161 Wis. 526, 154 N. W. 847; *Andrzejewski v. Northwestern F. Co.* 158 Wis. 170, 177, 148 N. W. 37.

Such statements are of material weight and substance, and, being treated as a part of the transaction, they are on the same footing as any other facts relating to the immediate transaction. Being parts of the *res gestæ,* they are in a separate and distinct class from the same statements which, when subsequently made, become mere recitals of a past transaction. An instruction applicable to the one class is either too weak or too strong for the other. The instruction here given covered both classes, but did not point out to the jury the substantial difference between them such as was particularly displayed in this case.

From this instruction the jury would naturally but erroneously infer that they were to use more caution in considering and thereby more reluctance in believing the testimony of the witnesses for defendant *Pierce* in relation to the con-

versations which were parts of the *res gestæ* than they were as to the testimony of the same or other witnesses as to other facts immediately surrounding the transaction.

Respondent suggests on this appeal that the statements by *Mr. Johnson* after the interested parties had removed from the scene of the accident could not be received as binding upon the plaintiff, for the reason that *Mr. Johnson* could not be considered as more than the agent of the plaintiff so far as the driving of the automobile was concerned, and that therefore his subsequent admissions could not bind the plaintiff under the rule as stated in *Bell v. Milwaukee E. R. & L. Co.* 169 Wis. 408, 414, 172 N. W. 791. Such an objection was not, however, interposed on the trial, and the testimony remained before the jury for their consideration, and properly so, in view of the fact that *Johnson* was at the time still a party to the lawsuit.

Defendant *Pierce* requested the following instruction:

"If you find it to be a fact that as the two automobiles approached one another both machines were on the south side of the road, the driver of the defendant *Pierce's* automobile had a right to expect and assume that the defendant *Johnson* would observe her approach and would seasonably turn to the right and cross the road to the north side thereof, and her right to so assume continued until such time as it became apparent to her, or would have become apparent to an ordinarily prudent person similarly situated, that defendant *Johnson* did not intend to turn to the right."

The court did not give the instruction requested, but did charge the jury as follows:

"Every operator of an automobile has the right to assume and act upon the assumption that every person whom he meets on the street or highway will exercise ordinary care and caution according to the existing circumstances to avoid injury; that he will not expose himself to danger negligently or recklessly, but will, as is his duty, exercise ordinary care to avoid collision, and if he sees a vehicle before it strikes him or by reasonable use of his senses could see it in time

to avoid the injury, that he will promptly, in the exercise of ordinary care, attempt to avoid the injury."

We think the instruction given did not sufficiently meet the law as applicable to the particular situation involved and the proposed instruction should have been given. *Zimmermann v. Mednikoff,* 165 Wis. 333, 336, 162 N. W. 349; *Klokow v. Harbaugh,* 166 Wis. 262, 265, 164 N. W. 999.

It is very manifest that had *Johnson* obeyed the law of the road and kept to the right there would have been no accident. The driver of defendant *Pierce's* car had the right to assume that *Johnson* would so keep to the right until the contrary intention appeared. The purpose of these highway regulations is in a measure twofold: first, that they shall be obeyed when they come into effect, as here, when two such vehicles approach and pass; and secondly, that each traveler may act in so obeying on his own part with the assumption that the other will also so obey, and may continue in such assumption until he is or ought to be apprised to the contrary. The instruction as given by the court was perfectly proper so far as it went with reference to the general duty of exercising ordinary care, but it did not present the important feature embodied in the statutory duty imposed upon *Johnson.* Travelers on the highway may well, in the exercise of ordinary care, under many circumstances pass to the left, but public policy has declared that a rule is to be maintained of passing to the right. The failure to do so is of itself negligence as a matter of law, and the instruction as given failed to disclose to the jury that it was not left for them to determine whether the turn to the left was or was not ordinary care.

It is unquestioned by any of the parties that under the law of this state as so recently stated in *Puhr v. C. & N. W. R. Co.* 171 Wis. 154, 176 N. W. 767, contributory negligence on the part of *Mr. Johnson* as driver of the car in which plaintiff was riding would defeat his right to recover against the defendant *Pierce.*

In the opening statement to the jury, in commenting upon the position of the two cars prior to the collision and the respective claims of their drivers, plaintiff's counsel said as follows:

"We are not very much concerned except that we do not sue our host; we sued the driver of the other car, but the real contest in this case will be between *Mr. Johnson* and *Mr. Pierce* to determine who was to blame for this collision."

The denial, at the close of the testimony, of plaintiff's motion then made for permission to amend his complaint so as to enable him to recover against the defendant *Johnson* for his negligence, and after the case had been submitted to the jury the granting of the motion, in the presence of the jury, of defendant *Johnson* for a dismissal of the cause as to him, although accompanied as it was by a caution from the court to give it no weight in their deliberations, might very well have influenced them in determining the question which had been so presented to them by plaintiff in the opening statement concerning the negligence of defendants *Johnson* and *Pierce*. The court having deemed it proper to dismiss the action as against *Johnson,* it would quite reasonably appear to the jury to involve his determination that *Johnson* was not negligent; yet this was the precise question involved in the third question of the special verdict and answered by the jury in plaintiff's favor.

As this situation will not appear on a subsequent retrial of the case, it is not necessary to determine whether such proceedings and the errors assigned thereupon on this appeal would alone be sufficient to reverse this judgment.

Defendant *Pierce* appealed from that portion of the judgment in the court below as was in favor of the defendant *Johnson* as against the defendant *Pierce* dismissing the action as to the defendant *Johnson* upon the cross-complaint.

No grounds are urged by defendant *Pierce* in support of that part of the appeal, and we cannot, from a considera-

tion of the record, see any grounds for disturbing that part of the judgment.

*By the Court.*—The judgment against the defendant *Pierce* in favor of plaintiff is reversed, and a new trial granted as between them. The judgment dismissing the cross-complaint of defendant *Pierce* against the defendant *Johnson* is affirmed.

SIEBECKER, J., dissents.