LOEHR, Appellant, vs. CROCKER and another, Respondents.
SAME, Respondent, vs. SAME, Appellants.

*November 10—December 7, 1926.*

*Automobiles: Collision in highway: Bus driver on proper side of road: Failure to turn to right to avoid collision: Negligence and contributory negligence: Necessity of proximate cause: Erroneous instruction: Reversal where evidence is not conflicting.*

1. In an action for damages arising from a collision between a bus and an automobile, the bus driver is *held* not guilty of negligence as a matter of law under sec. 85.01, Stats., requiring the driver to "seasonably" turn to the right, because while he was on his proper side of the road he turned to the left instead of to the right to avert a collision, the evidence supporting the conclusion that the plaintiff car driver failed to seasonably turn to his right.  p. 424.

2. Said sec. 85.01 does not require a driver who is well on the right side of the road to still further turn to the right to avoid accident, the statute only requiring him to "seasonably" turn to the right.  p. 424.

3. The jury having found that plaintiff had failed to "seasonably" turn to the right, his failure was a proximate cause of the accident.  p. 425.

4. In dealing with the defendant's counterclaim for damages to the bus from the collision with the automobile, an instruction to the effect that the contributory negligence of the defendant need not constitute a proximate cause of the collision to bar a recovery on the counterclaim was error.  p. 427.

5. To constitute actionable or contributory negligence the act or inadvertence claimed to be negligent must be a proximate cause of the harm or injury.  p. 427.

APPEALS from judgments of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed on plaintiff's appeal; reversed on defendants' appeal.*

For the plaintiff there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendants there were briefs by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

Owen, J.  This action grows out of a collision between plaintiff's automobile and defendants' bus on a highway in Fond du Lac county February 7, 1925.  The defendant *Ralph Crocker* was driving defendants' large passenger bus from Fond du Lac to Manitowoc.  He had as passengers two bowling teams, consisting of ten men.  The time was 5 o'clock in the afternoon.  The day was foggy and it was difficult to see any great distance ahead.  While driving on the extreme right of the highway the driver of the bus observed the plaintiff's automobile coming at a distance of 200 feet.  The plaintiff was driving on his left-hand side of the road, or on the same side on which defendant was lawfully driving his bus.  Shortly before the collision plaintiff turned his automobile to the right and the defendant turned his bus to the left.  The left-hand front wheel of plaintiff's automobile engaged the right front wheel of the bus somewhat to plaintiff's right of the center of the road.

The jury found that the plaintiff, *Louis Loehr,* failed to seasonably drive his automobile to the right of the middle of the traveled part of the highway so that the bus and the automobile should each have one half of the roadway in passing.  It found that there was no want of ordinary care on the part of the driver of the bus in the matter of speed or lookout, and that the driver of the bus did not fail seasonably to drive to the right of the middle of the traveled part of the highway.  It was, however, found that the driver of the bus failed to exercise ordinary care in respect to the control and guidance of the bus, but that such failure did not constitute a proximate cause of the collision and damage.  It was also found that the failure of the plaintiff to seasonably turn to the right was not a proximate cause of the collision.  This answer of the special verdict was changed by the court from No to Yes, so that

the verdict as modified by the court found that the plaintiff failed to seasonably turn to the right, and that such failure constituted the proximate cause of the collision. Judgment was rendered against the plaintiff and in favor of the defendants upon plaintiff's complaint.

The plaintiff urges in this court that judgment should go against the defendants upon the plaintiff's complaint because the defendant was guilty of negligence as a matter of law, and that the verdict absolved the plaintiff from any negligence proximately contributing to the collision. His contention that the defendant is guilty of negligence as a matter of law is based upon the proposition that the statute requires vehicles meeting each other upon the highway to turn to the right, and that, as said in *John v. Pierce*, 172 Wis. 44, 178 N. W. 297, turning to the left by a vehicle upon meeting another vehicle upon the highway constitutes a violation of the statute and constitutes negligence as a matter of law. The statute (sec. 85.01) provides that "Whenever the operators or drivers of vehicles or draft animals shall meet on any highway each shall seasonably drive his vehicle or animal to the right of the middle of the traveled part of the highway so that each shall have one half of the roadway and that they may pass without interference." It will be noticed that each driver is required "seasonably" to turn to the right. Manifestly there is no occasion for one who is driving well to his right of the highway to turn to the right, and in fact, in many cases, as was substantially true in this case, it is quite impossible for a driver to turn any further to the right. Under such circumstances the statute in question imposes upon him no duty. The duty is imposed upon the one coming from the opposite direction and who is driving on the wrong side of the road. It is his duty to turn "seasonably" to the right. If he fail to turn "seasonably" to the right, then an extraordinary situation which may amount to an emergency is

Loehr v. Crocker, 191 Wis. 422.

created. There is neither force nor logic in the suggestion that when such an emergency arises the driver who is in his proper position must at all hazards maintain that position and calmly and complacently await an impending disaster. It is but natural impulse for one so situated to do that which upon the moment he may believe will avert or minimize the consequences of certain collision. The evidence in this case abundantly sustains the conclusion of the jury that the plaintiff failed "seasonably" to turn to the right. This failure gave rise to an emergency in which the driver of the bus was called upon to act promptly. The law did not require him to act in a manner which subsequent contemplation and consideration may indicate to have been the best course for him to pursue. He was permitted to do that which seemed best for him at the time and under the circumstances, consequently he turned his bus to the left and averted a head-on collision, which, as he testified, would have cut plaintiff's automobile in two. Granting that the plaintiff did not "seasonably" turn to the right, it cannot be said that the turning of the bus to the left was an act of negligence proximately contributing to the accident. That it is not necessarily under all circumstances an act of negligence for a driver to turn to the left, is plainly recognized in *John v. Pierce,* 172 Wis. 44, 178 N. W. 297, where it was held that there should have been given to the jury a requested instruction that the right of the defendant to assume that plaintiff would seasonably turn to the right "continued until such time as it became apparent to her, or would have become apparent to an ordinarily prudent person similarly situated, that defendant Johnson did not intend to turn to the right." The jury having found that the plaintiff did not "seasonably" turn to the right, there can be no doubt that such failure constituted a proximate cause of the collision. The record affords no suggestion, direct or remote, of any other cause proximately causing the collision, and

the trial court was abundantly justified in changing the answer of the special verdict finding that the failure of the plaintiff in such respect did not constitute the proximate cause of the injury and damages claimed. .Plaintiff's complaint was therefore properly dismissed.

Defendants counterclaimed for damages resulting to their bus by reason of the collision. They failed to recover on this counterclaim because the jury found that the driver of the bus was guilty of a want of ordinary care in the operation of his bus which proximately contributed to cause the collision and the aforesaid injuries and damage. Now, as already noted, that part of the special verdict which responded to the plaintiff's cause of action failed to find the defendant guilty of any negligence which proximately contributed to the collision. When it appears, however, that in response to a later question in the special verdict relating to defendants' right to recover against the plaintiff upon their counterclaim, it is found that the driver of the bus was guilty of a want of ordinary care which proximately contributed to the collision, an apparent inconsistency at once arises. The answer to that question is not at all in harmony with the earlier answers in the special verdict which deals with the negligence of the bus driver so far as it affects plaintiff's cause of action. However, we think the inconsistency is only apparent and was due to the charge of the court in submitting the question relating to the contributory negligence of the bus driver. In submitting this question the court said:

"In case you find by your answers to the first four questions or to any of them that the bus driver was negligent, and if by your answer to the fifth question you also find that such negligence was not a proximate cause of the collision and injury, then this thirteenth question inquires whether that negligence, if such there was, contributed to cause the collision and the injuries—whether it contributed to cause. And if you find that it did so contribute in the

Loehr v. Crocker, 191 Wis. 422.

sense that although it was not negligence of such importance and effect as to be in your judgment a proximate cause as defined to you, yet that it was nevertheless negligence which aided and contributed in some appreciable degree to produce the collision and consequent injuries, then you should answer the thirteenth question 'Yes' if you do answer it; otherwise you should answer it 'No,' if you do answer it. And the fourteenth question which I have also read to you relates to contributory negligence of the plaintiff, *Louis Loehr*. The instruction which you have just received from the court in connection with the thirteenth question relating to contributory negligence of the bus driver is applicable in principle just as well to this fourteenth question, and is to be so applied by you in answering that question, if you do answer it."

Now this instruction plainly told the jury that the contributory negligence of the defendant need not constitute a proximate cause of the collision. Plainly this was error. In order to constitute actionable or contributory negligence, the act or inadvertence claimed to constitute negligence must constitute a proximate cause of the harm or injury. If the element of proximate cause be absent, then the act does not constitute negligence of any description, contributory or otherwise. In Beach on Contributory Negligence, sec. 7, the term is defined as follows:

"Contributory negligence, in its legal signification, is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of."

To constitute contributory negligence there must be a want of ordinary care on the part of the plaintiff and a proximate connection between that and the injury. In 29 Cyc. at p. 505 it is said:

"Contributory negligence, in its legal significance, is such an act or omission on the part of plaintiff, amounting to an ordinary want of care, as, concurring or co-operative with

the negligent act of defendant, is the proximate cause or occasion of the injury complained of."

"An essential requirement is that the act of the person injured must be a negligent act. It is not sufficient merely that the act contribute to the injury, as it is the contributory negligence and not the contributory act which defeats recovery."

In a learned and philosophical article on contributory negligence, to be found in 21 Harvard Law Review, 233, at p. 258, we find this statement:

"It [contributory negligence] debars from recovery, even from an admittedly negligent defendant, one whose own social misconduct has been a concurring proximate cause of his harm."

In *Sutton v. Wauwatosa,* 29 Wis. 21, Mr. Chief Justice Dixon says that "the fault, want of due care, or negligence on the part of the plaintiff, which will preclude a recovery for the injury complained of, as contributing to it, must be some act or conduct of the plaintiff having the relation to that injury of a cause to the effect produced by it." To the same effect are *Clary v. C., M. & St. P. R. Co.* 141 Wis. 411, 123 N. W. 649; *Dohr v. Wis. Cent. R. Co.* 144 Wis. 545, 551, 129 N. W. 252. See, also, 1 Thompson, Neg., ch. 9. The instruction given as above quoted upon the subject of contributory negligence necessitates a reversal of the judgment upon defendants' appeal.

If the evidence were conflicting upon that subject it would require a new trial upon defendants' counterclaim. However, we think the evidence does not raise a jury question upon that subject. In the first place, the verdict itself finds that the driver of the bus was guilty of no negligence which constituted the proximate cause of the collision. Furthermore, if it be conceded that the plaintiff failed to seasonably turn to the right, and the verdict makes this a verity in the case, then there is no evidence to sustain a finding that the driver of the bus was guilty of any negligence in turning the

bus to the left. Although the verdict of the jury does find that the driver of the bus failed to exercise ordinary care in respect to the control and guidance of the bus, which, however, did not constitute the proximate cause of the collision, the record is absolutely barren of any negligent act or conduct on the part of the driver of the bus unless it be the sole fact that he turned the bus to the left when the collision seemed imminent. Upon all the evidence, therefore, construed in the light of the special verdict, there is no ground for holding the driver of the bus guilty of negligence, contributory or otherwise, and it follows that defendants are entitled to judgment upon their counterclaim.

*By the Court.*—Judgment affirmed upon plaintiff's appeal. Judgment reversed upon defendants' appeal, and cause remanded with instructions to enter judgment in favor of the defendants and against the plaintiff, *Louis Loehr,* for the amount of their damages as ascertained by the jury.