Cheves, Appellant, vs. Miller and another, Respondents.
Buse, Appellant, vs. Miller and another, Respondents.

*January 12—February 7, 1928.*

*Automobiles: Car on wrong side of road: Negligence of driver: Question for jury.*

The issue of the negligence of the driver of an automobile in permitting his car to be thrown to the left of the highway, causing a collision with defendant's car, is *held* to be for the jury under conflicting evidence as to whether defendant was running in soft mud alongside of a paved road, or struck a ridge of ice at the edge of the concrete.

Appeals from judgments of the municipal court of Racine county: E. R. Burgess, Judge. *Affirmed.*

Personal injuries. Automobile accident. These cases were begun on the 12th day of January, 1927. The judgments from which the appeals were taken were entered May 4, 1927, dismissing the plaintiffs' complaints upon the merits. The cases arose out of the same accident, were tried together in the court below, and by agreement are consolidated here and treated as a single case although there are separate judgments.

On Saturday evening, November 13, 1926, the plaintiff was riding with *John Buse* in his automobile, traveling westerly from the city of Racine in an Oakland touring car. The car was being driven by *Buse,* the plaintiff's husband sat in the seat to the right of *Mr. Buse,* and the plaintiff was sitting on his lap. The back of the car was loaded with groceries and provisions. As *Buse's* car traveled west it was on the northerly side of the highway, traveling at the rate of twenty to twenty-five miles an hour. About a mile west of Nygatt's Corners they met three automobiles traveling easterly, the three automobiles being some distance apart. They met and passed the first automobile, and just as they were moving off the west end of a concrete bridge the second automobile, operated by the defendant, turned directly to the

north across the highway in front of the *Buse* car. *Buse* applied his brakes but was unable to stop his car, which struck the defendant's car. After the collision both cars were facing to the north, the front wheels off the concrete and the rear wheels just at the edge of the concrete. The front of the cars were in contact, the rear end of the cars were a foot or two apart.

It is the claim of the plaintiff that the defendant was driving the car with his right or southerly wheels in a rut off the concrete, and that in an effort to regain a position on the concrete the front wheels were turned sharply, and as a result the car suddenly shot across the highway in front of plaintiff's car. It is the claim of the defendant that he was not off the concrete, but at the northerly edge of the con-. crete was a ridge of ice and snow; that when he struck this ridge the car was thrown to the left without fault on his part. The jury found that the defendant was not negligent in failing to keep a proper lookout or in failing to have his car under proper control; found that the plaintiff was not guilty of any want of ordinary care; fixed *Mrs. Cheves'* damages at $650 and *Buse's* damages at $550 for injuries to his car and $50 for personal injury. Judgments were entered thereon, from which plaintiffs appeal.

For the appellants there was a brief by *Whaley & Paulsen* of Racine, and oral argument by *Martin R. Paulsen.*

For the respondents there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *Mortimer E. Walker.*

ROSENBERRY, J. It is argued here that the plaintiffs are entitled to recover because the defendant was negligent as a matter of law "to operate an automobile at a rate of speed of twenty to twenty-five miles per hour when the wheels on one side of the car are off the pavement and running in soft mud, and the driver is attempting to get the wheels back on the cement." This argument rests upon the assumption

that the southerly wheels of defendant's automobile were off the concrete. This is denied by the defendant and by two persons who were riding with him. As the issue was submitted the jury found against this contention. It is further sought to support the conclusion by the argument that because the defendant's car was on the defendant's left of the highway and at a place where it ought not to be, the defendant is *prima facie* guilty of negligence and he has not offered a sufficient explanation or excuse for his conduct.

The defendant's claim is that his automobile was thrown across the highway because his right wheel struck a ridge of ice somewhere from four to six inches high and the car was deflected without fault on his part. The jury quite apparently accepted the defendant's version of the accident. A finding in plaintiffs' favor would have been much more in accord with what seems to us to have been the facts, but there is nothing in the case that enables us to say that the verdict is contrary to the established physical facts. The court quite fully instructed the jury as to the legal significance of the fact that the defendant's car was on the wrong side of the highway. The jury must have found that it was there without fault on defendant's part.

*By the Court.*—Judgments affirmed.