SELIGMAN, Respondent, vs. HAMMOND, Administrator, imp., Appellant. [Two cases.]

GITZEN, Respondent, vs. HAMMOND, Administrator, imp., Appellant. [Two cases.]

GRANT, Respondent, vs. HAMMOND, Administrator, Appellant.

*March 12—June 12, 1931.*

For the appellant there were briefs by *Hannan, Johnson & Goldschmidt* of Milwaukee, attorneys, and *Whaley & Paulsen* of Racine of counsel, and oral argument by *Martin R. Paulsen* and *Vilas H. Whaley.*

For the respondents there were briefs by *Fawcett & Dutcher* of Milwaukee, attorneys (*W. B. Rubin* of Milwaukee of counsel on a motion for rehearing) for Agnes and Aaron Seligman, and *Seth W. Pollard* and *C. F. Mikkelson,* both of Milwaukee, attorneys for Margaret and Joseph Gitzen, and oral argument by *Mr. George C. Dutcher* and *Mr. Mikkelson.*

For the respondent Grant there was a brief by *Wheeler & Witte,* attorneys, and *Coleman & McCauley* of counsel, all of Milwaukee, and oral argument by *W. J. McCauley.*

The following opinion was filed April 7, 1931:

OWEN, J. On the 30th day of September, 1928, Agnes Seligman, Roy Grant, Joseph A. Gitzen, and Margaret Gitzen were driving north on state trunk highway 41 from Chicago to Milwaukee in a Packard car owned by Aaron Seligman, husband of Agnes Seligman. The car was driven by Roy Grant. Upon driving through Racine county they met a car owned by Jacob Orth and driven by his son Sylvester Orth, deceased. The Orth car suddenly turned to the left immediately in front of the Packard car, resulting in a collision, causing damage to the Packard car and injuries to all of its occupants. These several actions are brought to recover the resulting damages. They were all combined for the purposes of trial, were argued together in this court, and will be disposed of in a single opinion.

The jury found that immediately before the collision Sylvester Orth drove his car to the left of the center of the highway, but that in so doing he did not fail to exercise

such care as the great mass of mankind ordinarily exercise when acting under the same or similar circumstances. The trial court held that the conduct of Orth in driving his car to the left of the center of the highway was negligence as a matter of law, and rendered judgment in each case in favor of the plaintiff and against the administrator of the estate of Sylvester Orth, deceased. If the finding of the jury can be sustained, the defendants were entitled to judgment.

At the time of the accident sec. 85.01 (1), Stats. 1927, provided that "whenever the operators or drivers of. vehicles or draft animals shall meet on any highway each shall seasonably drive his vehicle or animal to the right of the middle of the traveled part of the highway so that each shall have one half of the roadway and that they may pass without interference." By virtue of this statute, if for no other reason, it was the duty of Sylvester Orth to keep to the right of the center of the highway, and under ordinary circumstances his failure to do so would constitute negligence as a matter of law. However, it does not constitute negligence under all circumstances. If one be precipitated to the left side of the road by virtue of circumstances over which he has no control, one is not negligent. *Johnson v. Prideaux*, 176 Wis. 375, 187 N. W. 207; *Loehr v. Crocker*, 191 Wis. 422, 211 N. W. 299; *Cheves v. Miller*, 195 Wis. 106, 217 N. W. 684.

If there was no evidence in the case except the bare fact that Orth turned to the left, there would be no escape from the conclusion that he was guilty of negligence as a matter of law. However, it appeared from the testimony of Grant, the driver of the car in which the plaintiffs were riding, that when the Orth car was but a short distance ahead of the Packard car it suddenly turned to the left in front of the Packard car, resulting in the collision. He could not estimate the distance in feet. He would not say it was

fifty or twenty feet away when it turned to the left of the center of the highway. He said it was possibly a second or two previous to the accident. Up to the time the Orth car commenced to turn to the left, there had been nothing about the car to attract his attention. It did not zigzag from side to side. After the collision the left front tire was blown out. The Orth car received the impact of the collision on its right side, so that the left front wheel of the Orth car could not have been struck by the Packard car.

Sylvester Orth was seriously injured in the accident and died a few days thereafter. While he was lying on the ground in the vicinity of the accident in great pain, a deputy sheriff claims to have talked with him about the cause of the accident. The deputy sheriff testified that he asked him what caused the accident, and he said he did not know. He asked him if he had been drunk. He said No. He asked him if he went to sleep, and he said he might have. The father and the sister of the deceased testified that, a day or two after the accident, while he was in the hospital, he told them he lost control of his car because he was blinded by the lights of the Packard car. There is little if any probative force to the testimony of either of these statements. Neither of such statements was controlling upon the cause of the accident. The jury was not bound to believe them.

We have, then, the fact that deceased was on the wrong side of the road. We have a presumption that he exercised due care for his own safety. *Gordon v. Ill. Cent. R. Co.* 168 Wis. 244, 169 N. W. 570; *Worsley v. Johnson,* 172 Wis. 325, 178 N. W. 457; *Sweeo v. Chicago & N. W. R. Co.* 183 Wis. 234, 197 N. W. 805; *Baltimore & P. R. R. Co. v. Landrigan,* 191 U. S. 461, 24 Sup. Ct. 137. This in itself is a very substantial presumption, and while it does not constitute affirmative evidence that due care was exercised, it does require proof to the contrary in order

to remove its persuasive force. While the physical situation showed that he was on the wrong side of the road, this presumption intervened to prevent the conclusion that he was there by reason of his own negligence. The right of the plaintiffs to recover could not rest upon the mere fact that he was on the wrong side of the highway. In order for them to recover it was necessary for them to show that he was there by reason of his lack of ordinary care.

We may conjecture that the deceased permitted the car to turn to the left because he fell asleep. Upon this point we might well further conjecture that if he had not done so before he was not likely to fall asleep when this car with its bright headlights was upon him. We have the further circumstance that the left front tire of his car was blown out after the accident. Applying to this situation our experience and knowledge of physical laws, we know that a blowout of the left front tire would cause his car to turn to the left and would have a tendency to render it unmanageable for a time at least. We apprehend the jury concluded that this is what happened, and decided that he was not on the left-hand side of the road by reason of his own negligence. We think the facts justify such an inference, but if they do not justify it the plaintiffs are in no better position. It was incumbent upon them to prove negligence on the part of Sylvester Orth to entitle them to recover. If the facts stated are not sufficient to justify the conclusion that his car turned to the left because of a blowout, it does place the evidence in such a state of conjecture that it cannot be determined whether the car turned to the left by reason of the negligence of Sylvester Orth or by reason of circumstances over which he had no control. In either event plaintiffs have failed to prove facts establishing liability on the part of Sylvester Orth. We think the trial court was in error in disregarding the verdict of the jury. The verdict should have been per-

mitted to stand, and judgment should have been rendered in favor of the defendants and against the plaintiffs.

Appellant assigns as further error the admission in evidence of the testimony of Roy Grant concerning the conduct and movements of the Orth car just prior to the collision. It is claimed that this testimony was inadmissible under the provisions of sec. 325.16, Stats., which prohibits a party from being "examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person," etc. We may remark in passing that, even though such evidence be inadmissible, its reception would appear to be beneficial rather than prejudicial to the appellant. Without this the record would be lacking in evidence justifying the conclusion that the presence of the Orth car on the wrong side of the road was attributable to the blowout of the front tire. In view of our conclusion upon the merits, this question need not be treated, but we think its importance justifies its consideration.

The evidence which the statute proscribes a party from giving is that "in respect to any transaction or communication by him personally with a deceased or insane person." It is argued that the testimony of Grant in describing the actions of the Orth car just prior to the accident constituted testimony on his part respecting a transaction with a deceased person. While the word "transaction" is susceptible of a broad application, courts have experienced some trouble in defining it as the word is used in statutes regulating pleadings. As used in sec. 2647, Stats. 1898, providing that the plaintiff may unite in the same complaint several causes of action arising out of the same transaction or transactions connected with the same subject of action, this court held in *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445, that "if the act of one person wrongfully invades or infringes upon the right of another, there is undoubtedly a 'transaction,' though the injured party be not physically present."

It must be remembered that the meaning of the term "transaction" was there considered with reference to its meaning as used in the statute there under consideration. It was given a very broad significance. On page 566 of the same opinion attention was called to the fact that the words used in the statute there under consideration are general to the last degree, and it was said: "Indeed, they must be so, for they are intended to provide for and apply to the myriad difficulties that may arise between man and man in all kinds of situations, and no words of limited or narrow meaning could be used."

Although the supreme court of Illinois (*Van Meter v. Goldfarb,* 317 Ill. 620, 148 N. E. 391), being influenced somewhat by what this court said with reference to the term "transaction" in *McArthur v. Moffet, supra,* held that it was used in the same sense in an Illinois statute quite similar to our sec. 325.16, we are nevertheless of the conclusion that it was used in a much narrower sense in sec. 325.16 than in the statute regulating pleadings under consideration in *McArthur v. Moffet.*

We think the transaction meant in sec. 325.16 is a personal transaction with the deceased; a transaction in which each is an active participant, and that it does not prohibit the survivor from describing an event or physical situation, or the movements or actions of a deceased person, quite independent and apart, and in no way connected with, or prompted or influenced by reason of, the conduct of the party testifying. The transaction mentioned in sec. 325.16 means a mutual transaction between the deceased and the surviving party, one in which they both actively participate. In commenting upon an exactly similar situation in *McCarthy v. Woolston,* 210 App. Div. 152, 205 N. Y. Supp. 507, the court said:

"We do not regard these questions and answers as dealing with a personal transaction or communication with

decedent. They are the history of an event in which the decedent, with others, was involved, but not one personal between him and the witness. It was partly, also, a description of what the driver of the other car was doing, and in part a description of the place where the accident occurred, and of the individual acts of the defendant in driving his car and in seeking to avert an accident. The defendant was competent to testify to any relevant matter, not being a transaction with the decedent personally."

The above states perhaps in clearer language our view of the meaning of the term "transaction" as it is used in sec. 325.16. We consider that the testimony of Grant with reference to the action of the Orth car was properly admitted.

*By the Court.*—Judgments reversed, and causes remanded with instructions to enter judgments dismissing the complaints of the several plaintiffs.

A motion for a rehearing was denied, with $25 costs in one case, on June 12, 1931.