91 So.2d 679

**Ruby GIBSON**

v.

**Edward W. McDONALD, Adm'r.**

**6 Div. 957.**

Supreme Court of Alabama.

Nov. 1, 1956.

Rehearing Denied Jan. 10, 1957.

Bryan Chancey, Birmingham, for appellant.

London & Yancey and Jas. E. Clark, Birmingham, for appellee.

STAKELY, Justice.

This is an action by Ruby Gibson (appellant) against Edward W. McDonald, as administrator of the estate of Howard Wallace Fortenberry, deceased (appellee), for damages for personal injuries alleged to have been sustained in an accident which occurred on the 28th day of June 1953 at or near the intersection of 29th Street and 35th Avenue North in the City of Birmingham, Alabama. At the time the plaintiff was a guest in an automobile driven by Josephus Perry, deceased.

The case of Ruby Gibson is based on the alleged negligence of Howard Wallace Fortenberry, who was killed in the collision. Josephus Perry, the driver of the automobile in which Ruby Gibson was riding, was also killed in the collision.

The case was submitted to the jury on a simple negligence count to which the defendant pleaded in short by consent, the general issue and contributory negligence. The court gave the affirmative charge on the issue of contributory negligence at the request of Ruby Gibson. The verdict of the jury was in favor of the defendant. There was a motion for a new trial made by the appellant which was overruled. This appeal followed.

Many of the assignments of error are based on the action of the court in not permitting Ruby Gibson to testify as to certain matters relating to the accident, the theory being that such testimony is inadmissible under the "Dead Man's Statute", § 433, Title 7, Code of 1940.

In brief, the accident occurred in the early moments of June 28, 1953. Police officers of the City of Birmingham arrived at the scene of the accident around two A.M. and made an investigation. Their testimony showed that there were two automobiles at the scene of the accident, one a 1950 Chevrolet and the other a 1946 Buick. A man was found hanging partially out of the Chevrolet. He was dead when the officers arrived and he was identified as Howard Wallace Fortenberry. The officers took pictures and measured the distances between the cars and the curbs of the streets. They also testified as to skid marks on the pavement.

Tendencies of the evidence show that a neighbor hearing the impact of the cars went immediately to the scene of the accident, found Ruby Gibson alive, pried open the door and pulled her out of the wreckage. The driver of the Buick car in which she was riding as a guest was dead. He was identified as Josephus Perry.

The court allowed Ruby Gibson to testify as to her personal injuries and what oc-

curred after she left the scene of the accident, but did not permit her to testify as to any of the details or circumstances of the accident or that she was involved in an accident of an automobile driven by defendant's intestate. She was not allowed to testify as to anything done by defendant's intestate or as to anything done by the automobile occupied by him. She was not allowed to testify as to anything done by the driver of the car in which she was riding or as to any movements of the car in which she was riding at the time of the accident. To summarize the situation, there was an automobile accident at a street intersection in Birmingham, Alabama, in the early hours of June 28, 1953. There was no eyewitnesses to the accident except the drivers of two cars, both of whom were killed, and Ruby Gibson (appellant) who was riding as a guest in the Buick car driven by Josephus Perry.

We set out the pertinent part of § 433, Title 7, Code of 1940, as follows:

"In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, * * *."

The question here is whether Ruby Gibson, who was the only survivor of the accident, can testify as to the facts involved in the collision in which both drivers were killed. To put it another way, does the testimony sought to be introduced fall within the category of testimony "as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding?"

In Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63, 64, this court held that the plaintiff in an automobile

accident could not testify as to the conduct of the defendant's deceased agent, who was the driver of defendant's car. This case in effect held that an automobile accident could be a transaction within the purview of the statute. Undoubtedly the ruling of the lower court was strongly influenced by this decision. In view of the importance of this decision, we quote from it as follows:

"It is said in 5 Jones on Evidence, §§ 2228 and 2261, that such a rule of exclusion as our section 7721 applies to tort actions as well as others. Our cases make no distinction. The authorities do not seem to be influenced by the kind of suit, but the character of the incidents related by the witness. Our cases exclude conversations, orders, and all forms of communications between the parties, and all their personal dealings and conduct. The evidence of matter which is open and public is not the test. But the test is that it relates to some personal dealings whether others have an equal opportunity to see and observe or not. The concurring conduct of the participants constituting the res gestae of a personal conflict or encounter between them has been held to be a transaction within the effect of such a statute. * * *

"The conduct of Ed Green constituting that which is alleged to have been negligent and a breach of duty to plaintiff causing his injuries and damage, which occurred in his presence, and a part of the res gestae of such negligent conduct was of the nature of personal dealings with plaintiff under the rule, and constituted a 'transaction' within the meaning of our statute. * * *"

Without question Ruby Gibson has a pecuniary interest in the result of this suit and it is obvious that the estate of the deceased Howard Wallace Fortenberry has a pecuniary interest in the result of this suit. The only question is whether the testimony sought to be admitted shows a transaction with the deceased within the meaning of the statute. Upon a careful consideration, we have reached the conclusion that Southern Natural Gas Co. v. Davidson, supra, is not a controlling authority here. The facts in the Davidson case differ in a vital respect from the facts in the case at bar. In the Davidson case the plaintiff was the operator of the car which collided with the automobile driven by the deceased agent of the defendant. In other words, in the Davidson case the facts showed an action mutually participated in by the witness and the decedent. The facts in the Davidson case show what has been termed "personal" dealings between the witness and the decedent. This is not the situation in the case at bar.

The automobile in which Ruby Gibson was riding was being operated by a third person, one Josephus Perry, deceased. He was not driving this automobile as the servant, agent or employee of Ruby Gibson. She had no supervision or control over what he did or failed to do in the operation of this car. Under these circumstances, even if Josephus Perry was guilty of any negligence, such negligence could not be attributed to Ruby Gibson. She was not occupying the automobile driven by defendant's intestate, Howard Wallace Fortenberry, nor was he driving his car as her servant, agent or employee and it was not being operated under her supervision or control. In short, she was free from any fault in connection with this accident. She was innocent of the result which took place outside of her control. She took no part in the occurrence other than to be present in the car of Josephus Perry when the collision occurred. She was more or less an observer of the accident and had no dealings with defendant's intestate pertaining to any phase of this accident. She did not mutually participate in it with him. He made no statements to her and she made no statements to him about anything pertaining to the accident. Ruby Gibson endeavored to testify to facts

and circumstances regarding this accident within her own observation and knowledge. She attempted to state to the court what she saw take place between the car driven by defendant's intestate and a third party. This testimony the court refused to allow her to give. Suppose Ruby Gibson had been standing on the sidewalk at the time of the collision and was injured by reason of the collision. Could it be said that by reason of the statute she was barred from giving her version of the circumstances and details of the accident as she saw them? Plainly we think that she was not so barred. If this is true, what is the difference between a situation where she received injuries on the sidewalk and a situation where she received injuries simply riding in the car driven by Josephus Perry involved in an accident, as in the case at bar? It seems to us that there can be no valid distinction between the two situations and that the view here expressed is supported not only by the Alabama authorities which have construed the Alabama statute but by authorities from other jurisdictions.

It will be noted that in the case of Southern Natural Gas Co. v. Davidson, supra, this court in referring to the conduct of Ed Green stated that such conduct was in the nature of personal dealings with the plaintiff under the rule and constituted a transaction within the meaning of our statute.

One of the leading Alabama cases on the subject is Warten v. Black, 195 Ala. 93, 70 So. 758, 760, where Justice Sayre in the course of his opinion quoted from the New York case of Holcomb v. Holcomb, 95 N.Y. 316, 325, as follows:

" 'Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews, or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition, or language of another.

* * * It must appear that the interview or transaction sought to be excluded was a personal one.' "

In Borum v. Bell, 132 Ala. 85, 31 So. 454, the principle is laid down that a witness interested in the result of a suit or proceeding, though incompetent to testify as to any transaction with deceased, may testify to any matter of fact coming to his knowledge in any other way than through personal dealing with the deceased. This opinion laid down the very important principle that the term "transaction" refers to an action mutually participated in by the witness and decedent.

In Moore v. Moore, 212 Ala. 685, 103 So. 892, 893, this court said:

"Appellant insists that appellees, Mexico Moore and her children, are incompetent to testify in this cause by reason of section 7721 of the present Code, section 4007 of the Code of 1907. The rule of the section does not operate to close the mouth of a witness as to any matter of fact coming to his knowledge in any other way than through personal dealings with the deceased or communications made by the deceased to the witness in person. * * *"

In Warner v. Warner, 248 Ala. 556, 28 So.2d 701, 702, the rule was reaffirmed that the statutory rule disqualifying a witness who is interested in the result of a suit from testifying to facts coming to his knowledge through personal dealings with decedent whose estate is affected by the issue, is limited to personal dealings in which both parties participated.

The above cited cases show that while the word "personal" does not appear in § 433, Title 7, Code of 1940, the statute has been construed by the Supreme Court of Alabama to require that the transaction sought to be excluded must be a personal one. As shown by the facts which we have recited above, how can it be said that the transaction between Ruby Gibson and Howard Wallace Fortenberry, was a per-

sonal transaction? Obviously it could not be so.

In the case of Seligman v. Orth, 205 Wis. 199, 236 N.W. 115, 117, the court said:

" 'We do not regard these questions and answers as dealing with personal transaction or communication with deceased. They are the history of an event in which the decedent with others was involved, but not one personal between him and the witness. It was partly, also, a description of what the driver of the other car was doing, and in part a description of the place where the accident occurred, and of the individual acts of the defendant in driving his car and in seeking to avert the accident. The defendant was competent to testify to any relevant matter, not being a transaction with the decedent personally.' "

We now refer to a case which appears to be similar to the case of Ruby Gibson. In the case of Krantz v. Krantz, 211 Wis. 249, 248 N.W. 155, 157, there was an action by Ernest Krantz against Edith Krantz, administratrix of the estate of John Krantz, deceased. It was an action to recover damages for personal injuries sustained as a result of the negligence of John Krantz, deceased, in operating an automobile in which plaintiff was riding as a guest. We quote from that case as follows:

"This case again squarely presents the question as to whether a passenger, who did not participate in the operation or control of an automobile at the time of an accident, is competent, notwithstanding the death of the driver, and the provisions of section 325.16, Stats., to testify as to his observations of the driver's movements and actions in operating and controlling the automobile. That question was given extended consideration recently in Waters v. Markham, 204 Wis. 332, 235 N.W. 797, and Seligman

v. Hammond, 205 Wis. 199, 236 N.W. 115, 117. There are conflicts in the results at which courts have arrived, under the statutes, on this subject in other states. To some extent those conflicts are due to differences in the wording of the statutes involved. Under section 325.16, Wis.Stats., the prohibition as to a party (or other person included in the class described in the statute) testifying is solely that he shall not testify 'in respect to any transaction or communication *by him personally with* a deceased or insane person,' etc. When due significance is accorded the italicized words, 'by him personally with,' the transaction meant in that statute is, as we held in Seligman v. Hammond, supra, a mutual transaction between the deceased and the witness who survives, in which both, the survivor, as well as the deceased, actively participated. The statute 'does not prohibit the survivor from describing an event or physical situation, or the movements or actions of a deceased person, quite independent and apart, and in no way connected with, or prompted or influenced by reason of, the conduct of the party testifying.' Seligman v. Hammond, supra. Thus construed, that statute did not bar the testimony of plaintiff as to his observations and descriptions of the physical situation, and the movements and actions of the driver at the time of the accident."

It will be noted from the last cited authority that under the Wisconsin Statute the prohibition is that the witness "shall not testify 'in respect to any transaction or communication by him personally with the deceased or insane person.' " The word "personally" is emphasized in the opinion, but as we have pointed out. while the word personally is not in the Alabama Statute the Alabama Statute has been construed to mean a transaction which the witness has had personally with a deceased

person. 70 C.J., § 398. See also Hardison v. Gregory, 242 N.C. 324, 88 S.E.2d 96.

Under the principle and the authorities which we have cited, we have concluded that the court should have allowed the proffered testimony.

In view of the conclusion which has been reached it is unnecessary to consider other matters assigned as error since such other matters may not come up on another trial.

Reversed and remanded.

LAWSON, MERRILL and SPANN, JJ., concur.