KUENTZEL, Plaintiff and Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent: ALLIED AMERICAN MUTUAL FIRE INSURANCE COMPANY, Defendant and Appellant. [Three cases.]

*November 3—November 29, 1960.*

74

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *John F. O'Melia*.

For the respondent Agnes Kuentzel there was a brief by *Holden & Schlosser* of Sheboygan, and oral argument by *John R. Holden*.

For the respondent State Farm Mutual Automobile Insurance Company there was a brief by *Schmitt, Wurster & Tinglum* of Merrill, and oral argument by *Leonard F. Schmitt*.

For the respondent Anastasia Kryshak, personally, and as executrix of the estate of Valerian A. Kryshak, Sr., deceased, there was a brief by *Kelley & Maeder* of Wausau, and oral argument by *Jerome A. Maeder*.

For the respondent Raymond A. Ley and others there was a brief by *Dillman & Fiedelman* of Sheboygan.

BROADFOOT, J. Upon this appeal Allied American contends that the jury verdict finding Kryshak causally negligent with respect to position on the highway and absolving Kuentzel of causal negligence in the same respect was supported by credible evidence. The trial court so stated in its memorandum decision.

An instruction on the emergency doctrine had been given to the jury. It is the contention of Allied American that the emergency doctrine is directed to the question of causation, while the respondents contend that it is directed to the negligence question. In its memorandum decision the trial court agreed with the present respondents and cited the case of *Schworer v. Einberger,* 232 Wis. 210, 286 N. W. 14, in support thereof. Allied American disagrees with the construction of the *Schworer Case* and relies principally upon *Loehr v. Crocker,* 191 Wis. 422, 211 N. W. 299. That case grew out of a collision between Loehr's automobile and the defendant's bus. Loehr was driving on his left-hand side of the road while defendant was driving on his proper side of

the road. As the vehicles drew near to one another and a collision seemed imminent, Loehr turned to the right and the defendant turned to the left, and there was a collision somewhat to Loehr's right of the center of the road. In response to questions relating to plaintiff's cause of action, the jury found no causal negligence on the part of the bus driver. It found that plaintiff did not seasonably turn to the right, but that such failure was not causal. The trial court changed the answer as to causation. Upon appeal the plaintiff urged in this court that judgment should go against the defendant because he was guilty of negligence as a matter of law in that he had turned to the left instead of to the right upon meeting another vehicle, contrary to statute. Commenting upon that contention, the court stated that plaintiff's failure to seasonably turn to the right gave rise to an emergency in which the driver of the bus was called upon to act promptly and therefore it could not be said as a matter of law that the turning of the bus to the left was an act of negligence proximately contributing to the accident.

That case arose before the comparative-negligence rule had been enacted and contributory negligence was a defense. One of the main questions upon the appeal was an erroneous instruction given by the trial court to the jury, in which he stated that contributory negligence need not constitute a proximate cause of the collision to bar recovery. The court went on to say that to constitute either actionable or contributory negligence the act or inadvertence claimed must be negligent and must be a proximate cause of the harm or injury. We find nothing in the case to support the contention of Allied American.

We agree with the trial court's construction of the language in the *Schworer Case, supra.* If there is any doubt as to its meaning we do not hesitate to say that the emergency doctrine is directed to the question of negligence rather than to the question of causation.

Allied American complains that the instruction given by the trial court on the emergency doctrine was inadequate and if its requested instruction had been given the jury would not have been misled in making the finding of negligence as to Kuentzel even though they found such negligence not to be causal. We have checked the instruction given and find the same to be in usual form and adequate.

A further contention is made that the finding of no causation on the part of Kuentzel is tantamount to no negligence and therefore the trial court should have entered judgment in favor of Allied American dismissing all complaints against it, either by changing the answer to question 3 from "Yes" to "No" or by ignoring the answer as meaningless. We do not find error in that regard.

On State Farm Mutual's motion for review it contends that the testimony of Mrs. Kuentzel is incredible. We have not commented in detail upon all of the testimony in view of the fact that we agree with the trial court that there should be a new trial on the issues of liability.

It is further contended that, the jury having found that Kuentzel was negligent as to his position on the highway, his negligence was causal as a matter of law. It is argued that the jury in finding Kuentzel negligent rejected the claim of emergency and thus had no basis for finding Kryshak negligent; therefore, Kuentzel's negligence was the sole cause of the accident and its motion for a directed verdict or to change the answer to question 1 from "Yes" to "No" should have been granted. In view of the fact that there is to be a new trial we have not stated further facts or discussed the testimony more in detail. Because the verdict is inconsistent and it is difficult to determine therefrom what the jury had in mind, there should be a new trial.

State Farm Mutual further contends that the trial court committed error in failing to submit requested questions as

to the negligence of the driver Kuentzel and of Mrs. Kuentzel. Upon the record before us we do not find there was error.

The answers of Agnes Kuentzel and Anastasia Kryshak to the contentions of Allied American are similar to those of State Farm Mutual. In addition, Agnes Kuentzel filed a motion for review in which she contends that the negligence of Kuentzel as to position on the highway was causal as a matter of law and that where only one question is perverse the answer should be changed by the trial court instead of granting a new trial. In this connection Mrs. Kuentzel cites *Mauermann v. Dixon*, 217 Wis. 29, 258 N. W. 352, wherein it was stated that if the answer to one material question of a special verdict plainly shows that the jury made the answer perversely, the court may well set aside the verdict unless satisfied that the answers to the other questions were not affected by such perversity. The trial court did not determine that the verdict was perverse in any particular and we find no error in the granting of a new trial. Had it felt that the answer to question 4 only was the result of perversity, passion, or prejudice, the trial court would have had the option of setting aside the entire verdict or changing the one answer. We find no error in the option exercised by the trial court.

Mrs. Kuentzel further contends that we should correct the error of the trial court by changing the answer to question 4 as a matter of law and apportion 50 per cent of the combined negligence to each driver. This does not necessarily follow. Prior to the submission of the case to the jury, the parties agreed that no question as to comparative negligence need be submitted. Therefore no one can claim error in that regard. However, if it should appear upon the new trial that both drivers were causally negligent and that their negligence was of the same kind and character, such negligence

may not as a matter of law necessarily be equal. *Evjen v. Packer City Transit Line,* 9 Wis. (2d) 153, 100 N. W. (2d) 580; *Pagel v. Holewinski,* 11 Wis. (2d) 634, 106 N. W. (2d) 425. Upon the new trial, because the estates of the two deceased drivers are involved, it may be proper to include a question in the special verdict directed to a comparison of the negligence of the two drivers if each is found causally negligent in response to other questions therein.

The trial court felt that the interest of justice required a new trial. Complaint is made that the order does not specify the reasons therefor as required by sec. 270.49 (2), Stats. Without them, it could be deemed granted for error on the trial and that might be sufficient. However, in order to remove any doubt this court, in the exercise of its discretionary power under sec. 251.09, determines that the real controversy as to liability has not been fully and fairly tried and that there should be a new trial upon all issues of liability in the interest of justice.

*By the Court.*—Order affirmed.