The plaintiff, Vikki L. Friar, appeals a judgment based on a jury verdict for the defendant, Leon A. McCrary, executor of the estate of Homer Gay McCrary, deceased. The suit arose out of an automobile accident that occurred in Florence, Alabama. We reverse.
The accident occurred on December 6, 1986, on Cox Creek Parkway. The suit was filed on October 9, 1987. Mr. Homer G. McCrary died on February 10, 1988, and Leon McCrary was appointed executor of his estate. Prior to his death, Homer McCrary had answered interrogatories served upon him by Vikki Friar. The acknowledgement on his answers bears the date December 16, 1987. At trial, these *Page 1250 
interrogatories were read to the jury by Ms. Friar's attorney, without objection. McCrary had answered questions concerning the location of the accident, his actions before and after the accident, and statements made by Ms. Friar. Ms. Friar then took the witness stand to testify. Outside the presence of the jury, her counsel made an offer of proof as to her testimony. Once the jury returned, the direct examination continued and defense counsel objected to three specific questions asked her by her counsel: "Where did the wreck occur?"; "Did your car ever leave the outside lane?"; and "Was your vehicle ever in the inside lane?" The basis of each of the objections was the Dead Man's Statute, Ala. Code 1975, § 12-21-163. The issue presented here is whether the trial court erred in excluding the evidence based upon the Dead Man's Statute.
The purpose of the Dead Man's Statute is to prevent a witness who has a pecuniary interest in the estate of a deceased from testifying as to transactions with, or statements made by, the deceased. Lett v. Watts, 463 So.2d 138, 142
(Ala. 1984). The statute reads as follows:
 "In civil actions and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness or has been taken and is on file in the case. No person who is an incompetent witness under this section shall make himself competent by transferring his interest to another."
For the Dead Man's statute to apply, there must have been a transaction between the deceased and the person who is testifying or there must have been statements allegedly made by the deceased to the witness. It is clear that an automobile accident can be a "transaction" for the purposes of this statute. Southern Natural Gas Co. v. Davidson,225 Ala. 171, 142 So. 63 (1932). It also appears that, depending on the relationship of the parties to each other in regard to the accident, an automobile accident is not necessarily a "transaction" for purposes of the statute. Gibson v.McDonald, 265 Ala. 426, 91 So.2d 679 (1956).
Nevertheless, assuming that the automobile accident constituted a transaction between Friar and Homer McCrary, we note that from the record it appears that the answers to the questions objected to would have been known to Vikki Friar before she had that transaction with Homer McCrary. She would have known where her car was, what lane it was in, and where she was going, prior to the accident. As Mr. McCrary's counsel points out, the location of the accident was already known to the jury, so it is not clear what harm it would have caused for Vikki Friar to testify to that. In Moore v. Moore,212 Ala. 685, 686, 103 So. 892, 893 (1925), it was held that the Dead Man's Statute would not apply to "any matter of fact coming to [the witness's] knowledge in any other way than through personal dealings with the deceased or communications made by the deceased to the witness in person." That principle was applied in Gibson v. McDonald, supra. Certainly, Vikki Friar had knowledge of the location of her car before the accident with Mr. McCrary. Even if this testimony did fall within the reach of the statute, however, it still would have been admissible under the statute. The statute provides an exception to its bar if the testimony of the deceased person in relation to the transaction "has been taken and is on file in the case." Here, the *Page 1251 
deceased's answers to interrogatories regarding the accident were on file and were introduced into evidence by the plaintiff, without objection by the defendant. Thus, the testimony of Vikki Friar would have been admissible on the points objected to. It was error for the trial court to prevent Ms. Friar from answering the questions posed by her counsel.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.