SMITH, Administrator, and another, Appellants, vs. CITY OF GREEN BAY, Respondent.

*December 8, 1936—January 12, 1937.*

For the appellants there was a brief by *Eberlein & Larson* of Shawano, and *Allan V. Classon* of Green Bay, and oral argument by *M. G. Eberlein.*

*Thos. C. Dwyer* of Green Bay, for the respondent.

WICKHEM, J. The accident happened in the early morning of March 3, 1935. Roy Pershing Oshkosh was driving the car in question and was accompanied by Leo Smith. Both boys were strangers in the city of Green Bay, and had come there earlier in the evening to attend a show and a dance. The accident happened between 2 and 3 o'clock in the morning as the boys were traveling north on Quincy street in defendant city. Quincy street runs north and south and terminates at the East river, the river being approximately one hundred feet from the north curb of Cedar street,

an east and west street, which marks the end of Quincy street in the vicinity of the river. The bank of the East river is built up in such a way as to leave no slope going down to the river. Near the river is a double set of railway tracks running parallel to the river. There is an unfinished and unimproved road leading from Cedar street to the river, and used for the purpose of serving a mill which occupies the northwest corner of Cedar and Quincy streets. There are no barriers, obstructions, or any other physical surroundings that bring sharply to the attention of a motorist the fact that he has reached the end of Quincy street. The river is narrow, and a street that amounts to a continuance of Quincy street begins upon the north side of the river.

There is no motion by the defendant city to review the finding of the jury, (1) that a dangerous condition existed in the vicinity of the accident; and (2) that the city was negligent in failing to remedy this condition. We shall therefore proceed to the plaintiffs' contentions.

The first contention is with respect to Oshkosh and Smith, and the other relates to Smith alone. Plaintiffs requested an instruction with respect both to Oshkosh and Smith that,—

"The young men being deceased and unable to testify here, it is presumed that they were careful and used due care and circumspection; that they were not negligent and operated their car in the ordinary and careful manner."

For reasons that will hereafter appear, we do not consider whether the failure to give this instruction was prejudicially erroneous with respect to Smith. We are satisfied that the court properly declined to give it with respect to Oshkosh. The presumption to which the requested instructions relate only exists in the absence of actual evidence as to what the conduct of Oshkosh actually was. It disappeared upon the introduction of evidence establishing as a fact the negligence of deceased. Its function ceased when it had regulated the burden of going forward with such evidence and had been

rebutted by actual evidence relevant to the issue. Plaintiff Oshkosh was not entitled to have this presumption thrown into the scales and weighed by the jury in finding the facts. This would give the presumption standing as actual evidence. That it is entitled to no such standing is well established. It is said in 5 Wigmore, Evidence (2d ed.), § 2491:

". . . It must be kept in mind that the peculiar effect of a presumption 'of law' . . . is merely to invoke a rule of law compelling the jury to reach the conclusion *in the absence of evidence to the contrary* from the opponent. If the opponent *does* offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule."

Here there was evidence to the effect that Oshkosh drove the car at a high, dangerous, and unlawful rate of speed, and had been so driving for a ·considerable time; that he had failed to stop at an arterial and had crossed obstructed intersections without reducing his speed. The evidence as to the speed of the car is corroborated by the fact that the car turned end for end and hurled itself twenty-five feet out into the river, landing on its top and breaking through five inches of ice. In view of this testimony, the court properly declined to give the instruction. It follows from the foregoing that judgment as to Oshkosh must be affirmed.

With respect to Smith, who was merely a passenger in the car, the case is quite different. There is a complete absence of evidence as to what Smith did to discharge those obligations which rest upon every guest in a car to look out for his own safety. In the case of Smith, the presumption that he took reasonable precautions for his own safety exists, and there is no evidence even tending to rebut the presumption. As to him there was a total failure of proof as to the quality of his conduct. Since the burden· was upon defendant. to prove that Smith was contributorily negligent, it is evident that, as a matter of law, 'defendant failed to establish a de-

fense. This conclusion requires a reversal of the judgment as to Smith.

*By the Court.*—Judgment affirmed as to plaintiff Roy Oshkosh, and reversed as to plaintiff George F. Smith, and cause remanded with directions to enter judgment for plaintiff George F. Smith in the sum of $3,000 as found by the special verdict. A single bill of costs to be taxed by plaintiff George F. Smith.