STOLL and another, Respondents, vs. ANDRO, Special Administrator, and another, Appellants. [Two cases.] *

*January 14—February 25, 1947.*

* Motion for rehearing denied, with $25 costs, in one case only, on May 13, 1947.

28

For the appellants there were briefs by *Harold Langer* of Baraboo and *C. G. Mathys* of Madison, and oral argument by *Mr. Mathys*.

For the respondents there was a brief by *Gauer & Buer* of Milwaukee, and oral argument by *Robert Buer* and *Paul Gauer*.

WICKHEM, J.   The accident happened on September 5, 1943, at about 8:30 in the evening.   Plaintiff Hulda Stoll was driving north on Highway 12, just south of the city of Baraboo.   Shortly before the collision she was traveling on a double-lane highway, the highway being separated by a grass plot.   Traveling north, slightly ahead of the Stoll car, was a truck driven by defendant Kline, and just ahead of him and traveling in the same direction was an automobile driven by Schaefer, not a party to this action.   As Schaefer arrived at the place where the divided road ends and is continued by a single twenty-foot highway, O'Brien's car passed him going south, and at that moment the Kline truck swung out to its left to pass Schaefer.   O'Brien's car came into collision with the Kline truck.   The jury found upon sufficient evidence that

at the time of this collision the Kline truck was on the wrong side of the highway. The collision involved a substantial contact between the left front portion of O'Brien's car and the left front portion of the Kline truck which extended beyond the cab. The force of the impact was in the vicinity of the driver's seat of the O'Brien car. Thereafter, the O'Brien car zigzagged in a general southerly direction toward the Stoll car, obviously out of control. Hulda Stoll, under the mistaken impression that there was an embankment to her right, and that she could not turn in that direction, turned to the left and came into collision with the O'Brien car. It did not appear that O'Brien was doing anything to avoid collision with the Stoll car after being struck by the Kline truck. Concerning O'Brien's speed, Hulda Stoll could only say that he seemed to be coming quite fast, and her companion used the term "pretty fast." After the collision between the O'Brien and Stoll cars, O'Brien was lying on the pavement unconscious. He died sometime after the accident from causes unconnected with the accident.

Appellants contend that the findings of negligent speed, management and control on the part of O'Brien are not sustained by the evidence and that, assuming negligent speed on the part of O'Brien, the evidence does not sustain a finding that this was a proximate cause of the accident. In respect of the findings of negligent management and control, it is contended, (1) that any contention of negligent mismanagement must relate to the time between the Kline-O'Brien collision and the O'Brien-Stoll collision; (2) that O'Brien being dead, he is entitled to the presumption that he exercised due care; (3) that there is nothing in the facts to support an inference of negligence that will rebut the presumption of due care above referred to.

The case of *Seligman v. Hammond,* 205 Wis. 199, 204, 236 N. W. 115, is relied upon as being on all fours with this case and as sustaining appellants' contentions.

Coming to the matter of speed, we are of the view that defendants' contentions must be sustained. Kline testified on adverse examination that O'Brien's speed was sixty-five miles an hour. On the trial he testified on direct examination to fifty-five miles an hour. When examined by the district attorney after the accident he estimated O'Brien's speed at fifty miles an hour. On cross-examination he admitted that he could not estimate the speed of an approaching car without a stop watch. He was found negligent as to lookout, which means that the jury concluded that he had not used due care in appraising the factual situation before he turned to the wrong side of the road. The Schaefer car was ahead of him and blocking his view. There is a very serious doubt in view of what this court said in *Bellrichard v. Chicago & N. W. R. Co.* 247 Wis. 569, 20 N. W. (2d) 710, and *Culver v. Webb,* 244 Wis. 478, 12 N. W. (2d) 731, whether his evidence is of any probative value at all. The argument was made that at all events the testimony is sufficient to place the speed at higher than thirty-five miles an hour, which would constitute a violation of wartime speed regulations. It would seem that the wartime speed regulation of thirty-five miles an hour was a conservation and not a safety measure, and that violation of it would not be negligence as a matter of law. However, we shall pass both of the foregoing points because under the doctrine of *Clark v. McCarthy,* 210 Wis. 631, 246 N. W. 326, O'Brien's speed was clearly not a proximate cause of his collision with the Stoll car.

In respect of the contentions upon management and control, we are of the view that there is no evidence of negligent management and control and that the jury's answer in this respect is not sustained. O'Brien being dead, there is a presumption that he exercised due care. *Seligman v. Hammond, supra,* and *Smith v. Green Bay,* 223 Wis. 427, 271 N. W. 28. In the *Smith Case* it was pointed out that this presumption disappears upon the introduction of evidence to the effect that the

decedent was negligent, and the question here is whether there is enough evidence of an inferential character to permit a jury to find negligence. We conclude that there is not. The collision between the O'Brien and Kline vehicles was substantial, the location of the collision, so far as the O'Brien car was concerned, was at the very point most likely to injure the driver, and to put the car out of control. There had been no mismanagement or want of control down to that point.

In view of the fact that the collision between the Kline and O'Brien cars adequately explains the course of the latter car after the collision, and that there is no evidence that O'Brien himself was responsible for events happening after this collision, we consider that the presumption of due care arising from the fact of O'Brien's death is not rebutted. The jury could not reject the explanation and infer negligence on the part of O'Brien by any process other than speculation or guess. In the *Seligman Case, supra,* defendant was killed in a collision which resulted from a sharp veering of his automobile to the wrong side of the highway. After the accident it appeared that defendant's left front tire had had a blowout, although that wheel did not come into contact with plaintiff's vehicle. The jury found no negligence on the part of defendant. This court held not only that the jury could accept the fact of the blown-out tire as a nonnegligent explanation for defendant's invasion of the highway, but that if the jury had not so concluded the evidence would be "in such a state of conjecture that it cannot be determined whether the car turned to the left by reason of the negligence of Sylvester Orth or by reason of circumstances over which he had no control."

The record in the present case offers considerably more support to defendant's theory than did that in the *Seligman Case, supra.* In *Booth v. Frankenstein,* 209 Wis. 362, 245 N. W. 191, where there was a wholly unexplained invasion by deceased upon plaintiff's side of the road this court sustained a finding of negligence. In the *Frankenstein Case* there was

likewise a blowout of the left front tire of deceased's car, but the tire had come into contact with plaintiff's car and thus the force of the inference was dissipated. In the *Frankenstein Case* the jury was permitted to draw an inference of negligence from the unexplained presence of deceased on the wrong side of the highway. This case is inapplicable because, as before stated, there is here not merely an adequate but a probable explanation, and any contrary inferences could only be arrived at by guess. It follows that there is no evidence in the record of any causal negligence as to O'Brien and that plaintiff's complaint must be dismissed as to the appealing defendants.

*By the Court.*—Judgments reversed, and cause remanded with directions to enter judgment dismissing complaint as against Adolph Andro and Hardware Mutual Casualty Company.