FIEDLER, Administrator, Respondent, vs. KAPSA, Appellant.*

*September 14—November 15, 1949.*

* Motion for rehearing denied, with $25 costs, on December 30, 1949.

For the appellant there were briefs by *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha, and oral argument by *William A. Sheldon*.

For the respondent there was a brief by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond* and *Willis R. Hammond*.

FAIRCHILD, J.   When material incidents pointing to responsibility for a collision between two vehicles are so veiled by reason of the death of one of the drivers that no evidence of any persuasive character on the part of the representative of the deceased can be found, then in the nature of things the case must be dismissed for lack of evidence.

Although the general experience of mankind hardly warrants the presumption that either of two actors in a negligence case was acting under a stronger desire to continue to live than the other was or that a deceased was naturally of a more careful disposition than a survivor, in order to bring about the solution of a stalemate caused by lack of evidence, a procedural device in the fashion of a presumption has been created in favor of the deceased.

This presumption is sufficient, and only sufficient, to place upon the other party the risk incidental to a failure to come forward with such testimony as may be in his control.   This limited presumption finds its foundation in the assumption that the deceased exercised due care for his own safety.   However, this presumption is not evidence.   It simply "operates to relieve the party in whose favor it operates from going forward in argument or evidence, and serves the purpose of a *prima facie* case until the other party has gone forward with his evidence, but, in itself, it is not evidence, and involves no rule as to the weight of evidence necessary to meet it. . . . It is not probative matter, which may be a basis of inference and weighed and compared with other matter of a probative nature."   1 Elliott, Evidence, p. 116, sec. 93; Thayer's Preliminary Treatise on Evidence, 575, 576; Thayer, Presumptions and the Law of Evidence, 3 Harvard Law Review (1899), 141; 9 Wigmore, Evidence (3d ed. 1940), p. 290, sec. 2491.

It clearly appears that misapprehension as to the true purpose and use of the presumption existed during the trial of

the case. This appears from the instructions to the jury. The learned trial judge was of the opinion and he instructed the jury that:

". . . a finding of negligence cannot be based upon mere conjecture or surmise. You are further instructed that the deceased, Raymond Edgar Jensen, is presumed to have exercised due care for his own safety. This presumption prevails unless there is evidence in the case establishing as a fact that he was negligent."

Under the law of Wisconsin plaintiff had the benefit of the presumption of due care accorded a deceased party but only for the purpose of calling for evidence. This presumption is a procedural device allocating the burden of going forward with the evidence. Anno. 144 A. L. R. 1473. It affects the burden of persuasion only in the absence of rebuttal proof. *Stoll v. Andro* (1947), 250 Wis. 26, 26 N. W. (2d) 162; *Ledvina v. Ebert* (1941), 237 Wis. 358, 296 N. W. 110; *De-Keyser v. Milwaukee Automobile Ins. Co.* (1941), 236 Wis. 419, 295 N. W. 755; *Ray v. Milwaukee Automobile Ins. Co.* (1939), 230 Wis. 323, 283 N. W. 799; *Smith v. Green Bay* (1937), 223 Wis. 427, 271 N. W. 28; *Seligman v. Hammond* (1931), 205 Wis. 199, 236 N. W. 115; Geraldson, A Code of Evidence for Wisconsin, 1945 Wisconsin Law Review, 374, 385.

Rebuttal proof was present in the testimony of defendant and Miss Robbins that deceased's motorcycle did not have its headlight on. They were the only witnesses to the accident. They testified that defendant stopped and looked to the north and south before proceeding to turn into the western lane of Highway 83; that they saw no vehicle nor the lights of any vehicle coming from the north; that they did not see the motorcycle until a second before the collision which occurred just as they were turning across the western lane of Highway 83 to enter County Trunk S. A.

The presumption was no longer of service to plaintiff after evidence contrary to it was brought forward. Thus the testimony had to be judged by the jury without this presumption thrown into the scales and weighed. Otherwise there would be given "the presumption standing as actual evidence. That it is entitled to no such standing is well established." We have just quoted from the opinion in *Smith v. Green Bay, supra,* in which Mr. Justice WICKHEM states the rule to be followed in a case like this.

It becomes clear, therefore, that since evidence which would support a jury finding contrary to the presumption was introduced, requiring that the presumption be eliminated, an instruction on the presumption should not have been given to the jury. Morgan, 47 Harvard Law Review (1933), 59. Therefore, any judgment based on that presumption would be erroneous. *Smith v. Green Bay, supra.* See also *Biersach v. Wolf River Paper & Fiber Co.* (1945), 247 Wis. 536, 20 N. W. (2d) 658, and cases cited therein. It follows then that there is no evidence to support a finding that the motorcycle was lighted or that defendant was negligent in the matter of management or control of his car. The issues, when resolved on the evidence, require a holding that the negligence of deceased was at least equal to that of the defendant and that the complaint must be dismissed.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment dismissing the plaintiff's complaint.