KREFT and another, Respondents, vs. CHARLES and another, Appellants.

*October 6—November 9, 1954.*

For the appellant Hubert Charles there were briefs by *Kehoe, Flatley & Galloway* of Green Bay, and oral argument by *John D. Kehoe.*

For the appellant Rural Mutual Casualty Insurance Company there were briefs by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Duffy* and *James R. Faulds.*

For the respondents there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

FAIRCHILD, C. J. The collision occurred as described in the statement of facts, at a wide-open intersection of two county trunk highways, neither being an arterial. The driver of the truck was killed, and Marvin Kreft suffered retrograde amnesia. The witnesses were Mrs. Kreft and others who arrived after the accident. The truck was being driven south to the left of the passenger car, which was traveling east. The plaintiff's car was thus moving on toward and into the intersection on the right of the driver of the defendant's truck. The negligence of the driver of the truck in the particulars set forth in the statement of facts is established. There is evidence in the testimony of witnesses and in the existence of physical facts from which the jury properly found that the driver of the truck was proceeding at a rate of speed and managing his truck in a manner showing indifference to the rules of the road and the rights of others; and that while opportunity for compliance with the law governing the matter of yielding the right of way existed, he negligently failed. As appeared from the position of the car of the plaintiff Marvin Kreft immediately after the accident, he was, at the time involved, where he had a right to be; and the driver of the defendant's truck was not on his proper side of the road. Also, it appears from the evidence that a slight diminishing of speed on the part of the truck driver would have avoided the collision, and that driving on his side of the road would have prevented disaster.

The learned trial judge in his decision on motions after verdict said: "Since defendants do not argue that the findings of negligence on Everard's [driver of truck] part with respect to (b) speed and (c) yielding the right of way must

be set aside, there is no occasion to consider their contention that the answer finding Everard negligent with respect to lookout must be changed from 'Yes' to 'No,' in so far as we are concerned with the sufficiency of the verdict to support judgment for either plaintiff." We are in accord with that holding. As to those particulars, all that need be said is that if the evidence were conflicting or the inferences to be drawn from the evidence were doubtful and uncertain, and if there were any credible evidence under any reasonable view to support the contention of any or either party, the rule that the proper inference to be drawn therefrom is a question for the jury must prevail. It has been declared to be the proper rule that the court should not assume to answer such questions, then, either upon motion for nonsuit or direction of verdict, or by substituting another answer after the verdict is rendered. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741; *Dachelet v. Home Mut. Casualty Co.* 258 Wis. 413, 46 N. W. (2d) 331; *Anderson v. Stricker,* 266 Wis. 1, 62 N. W. (2d) 396.

There is a contention by the appellants that error was committed because a question of management and control of his car by Kreft, the respondent, was not submitted to the jury; and because of this appellants insist that a new trial should be granted. It appears there was a conference on the questions to be submitted to the jury in the special verdict. All parties were represented, and, together with the trial judge, they gave consideration to the questions to be submitted, and the necessity of submitting this particular question was given consideration. Apparently for reasons deemed sufficient, counsel for appellants decided not to formally request on the record an inclusion of a question on management and control. In the absence of such request, they are barred on this appeal from now raising the failure to submit such question in the verdict as error. *Nimits v. Motor Transport*

*Co.* 253 Wis. 362, 364, 34 N. W. (2d) 116; *Fondow v. Milwaukee E. R. & T. Co.* 263 Wis. 180, 183, 56 N. W. (2d) 841.

There is no evidence compelling the conclusion that there was negligence on respondent's part as to lookout. His speed as he approached the intersection had been 40 to 45 miles per hour. He reduced it to about 30. He has in his favor a presumption that he acted as a reasonably prudent man would have done under the same circumstances for the protection of his own safety. The distance from the intersection that he could see the approaching truck was sufficient to permit of his calculating that he could enter and traverse the intersection if the oncoming truck driver complied with his statutory duty as to speed, management, and lookout. It is difficult and certainly unnecessary to point out or standardize exact acts that will constitute a reasonable degree of care on the part of one entering an intersection and having the right of way further than the legislature has done in sec. 85.18 (1), Stats. The one having the right of way is not required to stop, look, and listen. Having the right of way over the driver coming from the left, and having exercised ordinary care in all the required particulars, including not knowing or having reason to know that the oncoming car will not or cannot stop, he may reasonably conclude that he will be protected in his use of the right of way. The fundamental requirement, the duty of yielding, is on the man at the left. When proceeding with ordinary care, the privilege of proceeding is that of the driver on the right. The respondent was bound to use the judgment of a reasonably prudent man, and unless he knew or ought to have known that the oncoming truck would not or could not comply with the statutory duty of yielding the right of way, he was entitled to proceed. Respondent had entered the intersection. According to one witness, respondent's car was leaving the intersection when

it was struck in about the middle of the left side. Another witness, basing his testimony on indications of physical evidence, places the car and the impact 14 feet and three inches from the west line of the intersection.

With regard to the approaching of the intersection by the two vehicles, the respondent was nearer than appellant's driver, and the jury might properly conclude from the testimony of the eyewitness and from the way things happened that appellant's driver was going more than twice as fast as respondent. The situation was such that the opportunity for seeing each other existed, so that under the circumstances the jury properly found that respondent had no occasion to change his speed in negotiating the intersection. He was some 14 feet into the intersection, and out of that lane of travel in which he had the right to expect the truck would be driven. This justified him in relying upon the duty of appellant's driver to yield the right of way for security of his position.

The instruction given is as follows:

"In connection with questions 1 (b) and 3 (b), which inquire as to negligence with respect to speed upon the part of Henry Everard and Marvin Kreft, respectively, you are instructed that the statute regulating speed of motor vehicles provides that no person shall operate a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing, and that the driver shall exercise ordinary care to so regulate his rate of speed as may be necessary to avoid colliding with any object, person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and using due care.

"The statute also provides that the driver shall, consistent with the requirements I have just stated, operate at an appropriate reduced speed when approaching and crossing an intersection and when special hazards exist with regard to other traffic.

"It is for you to determine whether the driver of the truck and the driver of the car were negligent with respect to speed under the conditions and circumstances then present and under the rules of law given to you by these instructions."

Where one having the right of way exercises ordinary care as to lookout and enters an intersection at a speed which takes him so far into the intersection and across the track of one approaching who is under a statutory duty to yield the right of way, and that driver, invading the wrong side of the road, brings about a situation where there may be a suggestion as to the necessity for considering the question of management and control of the car by the driver having the right of way, it is understandable why that question was waived. Here the respondent saw the situation, and proceeded with a speed which would have been sufficient to avoid the oncoming truck if the driver of that truck had paid heed to his statutory duty. The trial court was warranted in concluding that the jury were justified in finding that the respondent, in using his right of way, maintained a proper lookout and speed.

We fully concur in the following statement made by the learned trial court in his memorandum decision on the motions after verdict: "I consider that the case was fully and fairly tried under the issues submitted to the jury in the light of the court's instructions thereon."

There was a request by appellants that an instruction be given to the jury to the effect that the deceased Everard is presumed to have exercised due care in approaching and attempting to cross the intersection with County Trunk Highway H, and in the absence of evidence to the contrary, the law presumes that the deceased, Henry Everard, did everything that a reasonable, prudent man would have done under the same circumstances, for the protection of his own safety, and the preservation of his life at the time of the accident. This request was particularly addressed to the question of

Everard's maintaining a proper lookout. The trial court declined to give the instruction, because the presumption is a presumption of law. It is not evidence and cannot be given the standing of evidence. In his reasons for ruling as he did, the trial judge said: "It is procedural device, allocating the burden of going forward with the evidence. The presumption disappears and ceases to have any force or effect whatsoever when credible evidence contrary to it comes into the case. The office of the presumption has then been performed, and the fact in question is to be established by the evidence as are other questions of fact, without the presumption being thrown into the scales and weighed." *Smith v. Green Bay,* 223 Wis. 427, 271 N. W. 28; *Fiedler v. Kapsa,* 255 Wis. 559, 39 N. W. (2d) 682; *Carlsen v. Hardware Mut. Casualty Co.* 255 Wis. 407, 39 N. W. (2d) 442; *McCarty v. Weber,* 265 Wis. 70, 60 N. W. (2d) 716.

In reviewing the evidence disclosed, we see that Everard reached the intersection while traveling at a speed of 60 miles an hour, that there was no diminishing of that speed, that his situation was such that he ought to have seen the respondent's car and ought to have prepared to yield him the right of way. There is evidence from which the jury properly found that as he approached the intersection he was negligent as to lookout as well as to the other findings in respondents' favor.

It is considered that the case was fully and properly tried and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.