ATKINSON and wife, Respondents, vs. HUBER, Appellant.

*January 11—February 8, 1955.*

For the appellant there was a brief by *Darrell MacIntyre,* attorney, and *R. R. Roggensack* of counsel, both of Madison, and oral argument by *Mr. MacIntyre.*

For the respondents there was a brief by *Walker & Taylor* of Portage, and oral argument by *Dorothy Walker.*

GEHL, J.   Defendant contends (1) that the jury was given an erroneous instruction; (2) that the court erred in refusing to strike certain testimony from the record; and (3) that the award of $25,000 to the husband for loss of services, society, and assistance, is so excessive as to disclose perversity which requires a new trial.

Defendant was driving south and Mrs. Atkinson north on Highway 22 in Columbia county. The cars collided at or near the south extremity of a northwest-southeast curve in the highway. As a result of the injuries sustained Mrs. Atkinson was unable to remember the accident. A passenger in her automobile was killed in the accident. Defendant testified that as he approached the south extremity of the curve he was going at the rate of between 45 and 50 miles per hour. He first saw the Atkinson car approaching from the south when they were about 300 feet apart. She was then on her right side of the road. Although he was not exceedingly precise or definite in his description of the collision he did testify that she drove to his side of the road, that it occurred on the west half of the roadway and that he was on his side of the road at all times.

The court instructed the jury as follows:

"If you find that Mrs. Atkinson suffered a complete loss of memory as a consequence of the injuries sustained in the accident and on account thereof is unable to testify as to the facts and circumstances surrounding the accident, then she is presumed in connection with the particular respects where there is no actual evidence as to what her acts or omissions were, that she was careful and used due care and circumspection and that she was not negligent in those particular respects, for the law presumes that a person will use ordinary care to protect herself from danger and that she will not knowingly and consciously place herself in imminent danger because of the natural instinct of self-preservation. This presumption is rebuttable and disappears if there is credible evidence in the case reasonably tending to rebut and overcome it."

Defendant contends that plaintiffs were not entitled to the instruction because there was "actual evidence as to what her acts or omissions were" and that by so instructing the court had left it to the jury to decide whether the presumption had been rebutted and where it was applicable.

This court is committed to the doctrine that where, in a negligence case, evidence is introduced which would support a jury finding contrary to the presumption that a deceased person or one who has suffered amnesia exercised due care for his own safety, the presumption is eliminated and drops out of the case entirely and no instruction upon that subject should be given to the jury. *Fiedler v. Kapsa,* 255 Wis. 559, 39 N. W. (2d) 682; *Kreft v. Charles,* ante, p. 44, 66 N. W. (2d) 618. Counsel for plaintiffs has cited a number of cases which she contends should be construed as stating or supporting a contrary rule. We do not agree with the contention. In *Vogel v. Vetting,* 265 Wis. 19, 60 N. W. (2d) 399, the instruction was given only with respect to the question which inquired as to the lookout maintained by the drivers. We held that since there was no evidence of failure in that respect, no evidence contrary to the presumption, there was no error in giving the instruction. In *Bassil v. Fay,* 267 Wis. 265, 64 N. W. (2d) 826, no attack was made upon any instruction given. Likewise, in *Walter v. Shemon,* 267 Wis. 424, 66 N. W. (2d) 160, there was no attack made upon any instruction; we held only that there was no evidence to overcome the presumption. In *Davis v. Fay,* 265 Wis. 426, 61 N. W. (2d) 885, we were concerned with the contention that the presumption exists only in case of death; we held that it may exist in the case of amnesia also. None of these cases can be read as stating or suggesting a contrary rule.

The testimony of the defendant to which we have referred is evidence contrary to the presumption that Mrs. Atkinson exercised care for her own safety with respect to the position which she allowed or caused her car to occupy upon the high-

way. If that had been the only inquiry as to her conduct in the verdict, as we believe it should have been, to have given the instruction, even limited as it was, would have been prejudicial error.

It remains to be seen whether the error was cured by reason of the fact that the jury were directed to give effect to the instruction only when considering the questions of the verdict which inquired as to specifications of negligence as to which there was no evidence contrary to the presumption.

Our examination of the record discloses no evidence which would support a finding that Mrs. Atkinson was guilty of negligence with respect to either speed or lookout. Consequently, the instruction was appropriate to the inquiries as to those elements. For lack of evidence the questions should not have been included in the verdict. That does not alter the fact, however, that the jury were required to consider the presumption only "in connection with the particular respects where there is no actual evidence as to what her acts or omissions were," speed and lookout, and directed by implication to ignore the presumption when considering the question whether she was negligent as to the position of her automobile on the highway. In other words, considering the limitation contained in the charge, it must be assumed that the jury eliminated the presumption from its consideration of the only inquiry as to the conduct of Mrs. Atkinson which was properly included in the verdict. It follows, therefore, that if the instruction was erroneous it was not prejudicial. We have said that there was but one question to be submitted in the inquiry as to the conduct of Mrs. Atkinson. If she was negligent with respect to management and control it could have been only in causing or permitting her automobile to occupy an improper position on the highway, the subject of the first inquiry.

The questions of the special verdict which inquire as to the conduct of Mrs. Atkinson were submitted without objection.

It is not now claimed that the court erred in submitting them. Since Mrs. Atkinson was completely absolved of negligence there was no occasion for comparison. Consequently, no one was prejudiced by the inclusion. Certainly the defendant was not.

The case of the plaintiffs as to the position of their automobile on the highway at the time of the collision rests entirely upon the testimony adduced by them as to certain marks upon the highway. Defendant contends that because there was no testimony that the marks were made by either of the automobiles, the court should have granted his motion made after the testimony was introduced to strike all of the testimony relative to the marks. There is ample foundation for the testimony of the witnesses and for the inferences drawn therefrom by the jury. Deputy Sheriff Jones arrived at the scene of the accident within an hour of its happening. He found a fresh skid mark 52 feet long running from the west to the east of the highway. At its south end it was three and a half feet east of the center line. The Atkinson car rested in a ditch to the east of the south end of the skid marks. On cross-examination he testified that there was no doubt in his mind that the marks were made by the Huber car, that this was no guess on his part. He saw marks on the surface of the road which started about three and one half to four feet east of the center line and extended to the left rear wheel of the Atkinson car.

Evidence as to the presence and location of the 52-foot-skid mark, the glass and debris found at its south end, the presence of the Atkinson car in the ditch opposite its south end, the marks opposite the south end of the skid mark extending from west to east to the Atkinson car to the point where it was pushed into the ditch was clearly admissible. The testimony of the deputy sheriff was properly considered by the jury as establishing the fact that the marks were made by the cars involved. The evidence is sufficient to support the jury's

inference that the collision occurred on the east one half of the roadway. *Hunter v. Sirianni Candy Co.* 233 Wis. 130, 288 N. W. 766.

We do not agree that the award of $25,000 to the plaintiff husband for loss of the services, society, and assistance of his wife is so excessive as to disclose perversity on the part of the jury and to require a new trial. The answer to defendant's contention is satisfactorily and convincingly expressed in the trial judge's memorandum opinion from which we quote:

"Award of $25,000 to plaintiff Jesse R. Atkinson. In arriving at the above award the jury was entitled to consider the following evidence:

"Mrs. Atkinson had a life expectancy of 18.79 years and Mr. Atkinson a life expectancy of 12.26 years. Dr. Henney testified that there was nothing in the case to require a modification of such life expectancies.

"It may be assumed, therefore, that for 12.26 years, Mr. Atkinson will be deprived of the normal assistance, services, society, and companionship of his wife, who is ten years younger than her husband. He will, therefore, be deprived of her services and companionship during the last 12.26-year period of his life, when, perhaps, the spouse's services and companionship are most valuable and appreciated.

"The evidence showed the couple's relationship previously had been close, intimate, and harmonious. According to medical testimony, she will be 95 per cent totally and permanently disabled.

"No one can measure such losses accurately. However, it is within the sole province of the jury to make such determination, unless such appraisal is obviously the result of passion or prejudice.

"To establish passion or prejudice, requiring the setting aside of the verdict, the verdict must appear so excessive as to indicate it was the result of such passion or prejudice or corruption, or that the jury disregarded the evidence or rules of law. *Bethke v. Duwe,* 256 Wis. 378.

"I am unable to find the jury was moved by passion or prejudice. The other awards are well within reason. The award to the wife for pain and suffering could conceivably

have been higher and still sustainable. Likewise, the award for wage loss and special damages was well within proper limitations.

"Since I cannot find passion or prejudice, it is my opinion that the award to the husband, while high, cannot be disturbed. Were I to lower it and give the defendants the usual option, I would have no more basis or justification than had the jury in making its present award. Any such modification, or an order directing a new trial, would necessitate a finding of passion, prejudice, or a palpable disregard of my instructions and rules of law. I am unable to make such a finding."

Considering also the fact that for what may be a rather substantial period of time Mr. Atkinson will be required to engage help, as he testified he has done, to maintain his household and to pay rather substantial compensation therefore, we may not say that the award is excessive.

*By the Court.*—Judgment affirmed.