EVJEN, Administratrix, Respondent, v. PACKER CITY TRANSIT LINE, INC., and another, Appellants. [Case No. 144.]

SIZER, Respondent, v. SAME, Appellants. [Case No. 145.]

CONTINENTAL CASUALTY COMPANY, Appellants, v. SIZER and others, Respondents. [Case No. 146.]

*December 3, 1959—January 5, 1960.*

For the appellants there were briefs by *Bradford & Gabert* of Appleton, and oral argument by *Stanley R. Gabert.*

For the respondents there was a brief by *Melchior & Melchior* of Appleton, and *King & MacGregor* of Minneapolis, Minnesota, and oral argument by *Walter P. Melchior* and *Warren B. King.*

HALLOWS, J. This is an unusual fact situation in that both drivers of the tractor-trailers were killed in the accident, there were no eyewitnesses, and no skid marks. The evidence relating to the cause of the accident consists of surrounding circumstances and the position of the motor vehicles and of the debris and other material after the accident. Highway 41 at the place of the accident runs generally north and south, was 22 feet wide, made of concrete, and was straight for approximately one-half mile in each direction. There was a slight downgrade to the south. A black line marked the center of the highway. At the time of the accident it was dark, the weather was clear, and the road surface was dry. This case represents about the minimum of evidence that can be submitted to a jury without

allowing the jury to speculate and conjecture on the cause of the accident and on the negligence of the drivers.

In reviewing the record to ascertain whether there is any credible evidence to sustain the jury's findings, we must start with the presumption that each deceased driver exercised ordinary care for his own safety. This means we must presume that each driver operated his tractor-trailer on his own side of the road. If evidence is introduced which would support a jury finding contrary to the presumption, the presumption is eliminated. *Atkinson v. Huber* (1955), 268 Wis. 615, 68 N. W. (2d) 447. Such evidence may consist of the position of the motor vehicles, their parts, the debris, and type of damage after the collision from which a reasonable and credible inference can be drawn that such driver invaded the wrong side of the road, which would be *prima facie* negligence. *Odya v. Quade* (1958), 4 Wis. (2d) 63, 90 N. W. (2d) 96; *Mackowski v. Milwaukee Automobile Mut. Ins. Co.* (1957), 275 Wis. 545, 82 N. W. (2d) 906.

The evidence establishes that Steiner, who was driving the tractor-trailer owned by Packer City, left Green Bay for Chicago with a load of pickles about 2 a. m. on the day of the accident. The tractor-trailer weighed about 22,000 pounds and carried a 25,000-pound load, in all about 47,000 pounds. Steiner had not worked from Friday afternoon until he left on the trip early Monday morning. Evjen, the driver of the tractor-trailer owned by Sizer, was proceeding north from Gary, Indiana, to Green Bay with a load of frozen chickens. His tractor-trailer weighed about 29,500 pounds, plus a load of 33,000 pounds, making a total of approximately 62,500 pounds. There was an over-all difference in weight of the two motor vehicles of approximately eight and one-half tons.

Evjen had left Rochester, Minnesota, about 7 p. m. Saturday, drove to Chicago, unloaded his trailer Sunday morn-

ing and proceeded to Gary, Indiana, to pick up a loaded trailer. He was told to take eight hours off before starting to Green Bay from Gary, but there is no evidence whether or not he had slept.

After the accident the vehicles were found in the following positions: Steiner's tractor-trailer had jackknifed, the rear of the trailer was entirely in the east lane of the highway, the left rear corner of the trailer was one foot from the east edge of the concrete, and the right rear corner was one foot east of the center line. The front of the trailer straddled the center line. The tractor was facing approximately east or southeast with its left front about one foot over the center line in the east lane and with the rest of the tractor in the west, or southbound, lane. Evjen's tractor-trailer came to rest at an angle entirely off the concrete on the east shoulder of the highway with the left rear corner of the trailer four feet, six inches from the side of the Steiner trailer. His tractor was disengaged from the trailer and was some five feet north of the trailer, tipped over on its right side with its front end about two feet, seven inches from the east edge of the concrete portion of the highway.

About two feet of the left front of the tractor driven by Evjen was pushed back and torn. The cab was severely crushed. The left front of his trailer was ripped open and its left side torn off almost halfway the length of the trailer. The entire front of Steiner's tractor was damaged. Debris consisting of parts of both vehicles and their cargoes was scattered on the highway, both shoulders, and to some extent in both ditches. The greater portion of the debris was to the east of the center line of the highway. Debris also covered the cab and front part of the tractor and trailer Steiner was operating. A large piece of metal from the side of the Evjen trailer was lying with debris to the south of the Steiner tractor.

The appellants contend: 1. There is competent evidence from which the jury could draw an inference to support its finding that Evjen was on the wrong side of the highway; and 2. as a matter of law the comparison of negligence should be equal because the negligence of each driver was of the same kind and nature.

From the evidence and the physical facts in reference to debris and the position of the tractors and the trailers on the highway after they came to rest, the jury reasonably could have drawn at least two inferences: 1. Evjen was proceeding north on his own side of the highway and the impact took place in Evjen's lane of traffic because Steiner was on the wrong side of the highway (this was the view adopted by the trial court); or 2. Evjen was driving over the center line partly in the west lane and Steiner was also over the center line with all or most of his tractor-trailer in Evjen's lane of traffic, that each driver turned to his right to avoid hitting or being hit by the other but the two vehicles collided.

The Evjen tractor-trailer weighed loaded approximately 32 tons and was eight and one-half tons heavier than the Steiner tractor-trailer. The debris to the south of the Steiner tractor would indicate it did not move forward after the impact. An inference could be drawn that the Evjen tractor-trailer had greater momentum because it was heavier and continued almost beyond the Steiner vehicle at an angle to the east. According to physical laws such momentum would tend to move in a straight line. An inference could be drawn that the left front of the Evjen tractor struck the left front of the Steiner tractor while partly in the west lane, jack-knifing the Steiner tractor, and in the process the front of Steiner's tractor sheared off the left side of the Evjen tractor and trailer. This would explain the presence of the metal on top of the Steiner cab and trailer and the metal siding

to the south of the tractor in the west lane. See Exhibits 1 and 2 herewith reproduced.

Exhibit 1

The only conflict in the evidence is a claim of the respondents that metal from the side of the Evjen trailer shown in Exhibit 1 was moved to the west of the center line prior to the taking of that picture and that Exhibit 2 shows the metal part to the east of the center line before it was moved. This contention is not sustained by the testimony or by an examination of the exhibits.

Exhibit 2

When several inferences may reasonably be drawn from credible evidence and one of which will support a claim or contention of any party and the others will not, the rule is that the proper inference to be drawn is for the jury.

*Dachelet v. Home Mut. Casualty Co.* (1951), 258 Wis. 413, 46 N. W. (2d) 331. While there is no evidence of the position of the motor vehicles just prior to the impact, except which may be inferred from the position of the motor vehicles, their cargoes, and the debris after the accident, and there is no direct oral testimony corroborating any inference to be drawn from the physical facts, we are of the opinion the facts here presented, if anything, a jury question. The relative positions of the two vehicles and the debris after the collision cannot conclusively support either theory because the mechanical results of an accident of this kind are sometimes very surprising and hard to explain. It seems to us that in the present case they may be explained fully as reasonably on the theory that the collision occurred in the west lane near the center line as in the east lane. In *Glatz v. Kroeger Bros. Co.* (1919), 168 Wis. 635, 639, 170 N. W. 934, this court said such a situation was peculiarly appropriate for the judgment of a jury. See also *Standard Accident Ins. Co. v. Runquist* (1932), 209 Wis. 97, 101, 244 N. W. 757.

The respondents rely on *Hamilton v. Reinemann* (1940), 233 Wis. 572, 290 N. W. 194, for the rule that the operation of a car on the wrong side of the highway makes at least a *prima facie* case of negligence and is enough, in the absence of an explanation which the jury is bound to accept, to warrant an inference of negligence on the part of the operator. This rule was laid down in *Seligman v. Hammond* (1931), 205 Wis. 199, 236 N. W. 115, and *Booth v. Frankenstein* (1932), 209 Wis. 362, 245 N. W. 191. The conclusion that Evjen was not negligent because Steiner was *prima facie* negligent under the application of this rule does not logically follow. The jury found both drivers causally negligent.

We believe the trial court was in error in changing the answers of the jury finding Evjen causally negligent because

there was sufficient credible evidence to support an inference that Evjen, as well as Steiner, was on the wrong side of the road.

The appellant urges that because the negligence of Steiner and Evjen are of the same kind and character they are equal and comparable as a matter of law. We cannot agree. The quality of the negligence does not determine its quantity. While it may be more difficult to apportion the amount of negligence when it is of the same kind and quality, such negligence is not necessarily as a matter of law equal.

Physical facts and other evidence have a bearing on the apportionment of the total negligence of the same kind and character as they do in the apportionment of different kinds of negligence. When it appears from the evidence that one party is more negligent than the other he should bear the greater apportionment of the negligence, whether such negligence is of the same kind and character or not. *Piesik v. Deuster* (1943), 243 Wis. 598, 605, 11 N. W. (2d) 358.

The evidence of the instant case does not indicate that Evjen was as negligent as Steiner was and under the peculiar facts of this case, the jury's apportionment of negligence should stand.

*By the Court.*—The judgments appealed from are reversed, with directions to enter judgments on the respective verdicts not inconsistent with this opinion.

MARTIN, C. J., took no part.

BROWN, J. (*dissenting*). In my opinion the record affords no basis except speculation to support any findings of causal negligence on the part of either driver, and particularly to support any comparison of their causal negligence. Therefore, I would dismiss all causes of action by every party claiming damages and reverse the judgments granted to such parties.