Currie, J.
 

 The following issues are raised on this appeal:
 

 (1) When the physical facts after an accident are such as to give rise to more than one inference, is the jury permitted to base a finding of causal negligence upon an inference drawn from such physical facts and thereby reject testimony to the contrary of the only eyewitness who testified as to how the accident happened?
 

 (2) Was the defendant Holewinski entitled to the benefit of the emergency rule as a matter of law ?
 

 (3) Was the apportionment of negligence based upon conjecture and speculation so as to require that it be set aside ?
 

 (4) Although no written request was made for an instruction on the emergency rule, was it prejudicial error for the trial court to fail to include such an instruction in the charge to the jury?
 

 Finding Based on Physical Facts to Exclusion of Testimony of an Eyewitness.
 

 Both drivers were alone in their respective cars when the collision occurred. John Pagel was' unable to testify with respect to how the accident happened because he sustained retrograde amnesia as a result of the collision. Holewinski was the only eyewitness who testified. According to his testimony based upon his observation of the headlights
 
 *638
 
 of the oncoming Pagel car, that car invaded Holewinski’s traffic lane when the two vehicles were 300 to 400 feet apart. Plolewinski also testified he was at all times on his own side of the highway but could not remember whether he attempted to turn in either direction.
 

 Holewinski estimated his own speed at 40 to 45 miles per hour, but there is no testimony as to the speed of the Pagel car. The position of the two vehicles immediately after the accident is established by excellent photographs which constitute exhibits in the case. The pavement is 24 feet wide. The Pagel car is shown facing in a southerly direction parallel to the center line of the pavement with its left wheels a few, probably not more than four, inches to the east of the center line. The Holewinski car is depicted facing northwesterly in the east traffic lane at an angle of approximately 45 degrees to the pavement center line with its left front wheel on such center line and its right rear wheel close to the east edge of the pavement. Only a distance of two to three feet separate the front ends of the two vehicles. An investigating traffic officer testified that it appeared as though the two vehicles struck and then bounced back slightly before coming to rest. The debris found was on the pavement center line between the front ends of the two cars. The damage to the cars indicates that the left front portions of each were the parts which collided with each other.
 

 The jury, by its finding that Holewinski was causally negligent with respect to position on the highway, rejected Holewinski’s testimony that he was at all times on his side of the highway and that the Pagel car crossed over the center line into his traffic lane. The only evidence which would support such finding is the position of the two cars after the accident and the location of the debris. The position of the vehicles after the accident indicates quite clearly that
 
 *639
 
 neither car proceeded forward after the impact. The conclusion of the investigating officer that they bounced back slightly after the impact is a logical one in view of the fact that the nearest portions of such cars, which were the left fronts, were separated by a distance of two or three feet. As the left front wheel of Holewinski’s Ford was on the center line, it is, therefore, a reasonable inference that the front left corner of such car was farther into the westerly traffic lane at time of impact than it was after such car had come to rest in the position shown in the photographs. Furthermore, as the Mercury was the heavier vehicle, the likelihood of its having pushed the Ford to the eastward rather than
 
 vice versa
 
 would seem to be the more reasonable inference in view of the lack of any evidence that either vehicle was traveling at an appreciably greater speed than the other.
 

 •.However, the physical facts after the accident fall far short of conclusively establishing that the Holewinski car had invaded the westerly traffic lane at any time immediately prior to the impact. This is because it is well known that many strange and unaccountable things happen in automobile collisions.
 
 Stewart v. Meyer
 
 (1933), 211 Wis. 347, 353, 247 N. W. 316; and
 
 Heibel v. Voth
 
 (1955), 271 Wis. 350, 356, 73 N. W. (2d) 421. Counsel for the defendants contend that the jury could not reject the testimony of Holewinski, as to his position on the highway, which was not disputed by any other witness, and base its finding on the physical facts existing after the accident, unless such physical facts conclusively established the falsity of Holewinski’s testimony. In support of such contention defendants’ brief cites:
 
 New Amsterdam Casualty Co. v. Farmers Mut. Automobile Ins. Co.
 
 (1959), 5 Wis. (2d) 646, 94 N. W. (2d) 175;
 
 Hennepin Transportation Co. v. Schirmers
 
 (1957), 2 Wis. (2d) 165, 85 N. W. (2d) 757;
 
 Kleckner v.
 
 
 *640
 

 Great American Indemnity Co.
 
 (1950), 257 Wis. 574, 44 N. W. (2d) 560; and
 
 Duss v. Friess
 
 (1937), 225 Wis. 406, 273 N. W. 547.
 

 In all such four cited automobile accident cases the trier of facts
 
 [1]
 
 had made findings of fact with respect to one or more issues of negligence, which findings the losing party, or parties, sought to overturn on the ground that the same were contrary to established physical facts. The contention was advanced in each case that such physical facts rendered incredible the testimony of witnesses which tended to support the findings made. The determination of this court in all four cases was that the physical facts were not sufficient to render the testimony, which supported such findings, incredible, and require that such findings be set aside. The rule was laid down that physical facts are not sufficient to overturn a finding based on testimony of an eyewitness unless such physical facts are such as to give rise to only one reasonable inference or deduction. The issue before us on this appeal is entirely different. It is this, may the trier of fact, in this instance a jury, base a finding of fact with respect to an issue of negligence in an automobile accident case upon a reasonable inference drawn from the physical facts, thereby rejecting the testimony of the only eyewitness, if such physical facts are capable of permitting more than one inference to be deduced therefrom ?
 

 In the recent cases of
 
 Evjen v. Packer City Transit Line
 
 (1960), 9 Wis. (2d) 153, 100 N. W. (2d) 580, and
 
 Rodenkirch v. Johnson
 
 (1960), 9 Wis. (2d) 245, 101 N. W. (2d) 83, findings made by a jury based upon physical facts were upheld in situations when there was no testimony of an eyewitness to support the same. In neither case were the
 
 *641
 
 physical facts such as to permit of only one inference to be drawn therefrom. However, in each case the jury could well have concluded that the inference that it deduced from such physical facts was more probable than the opposite one. Thus the findings made were not based upon mere speculation or conjecture.
 

 This court declared in
 
 Thiel v. Damrau
 
 (1954), 268 Wis. 76, 85, 66 N. W. (2d) 747:
 

 “Positive uncontradicted testimony as to the existence of some fact, or the happening of some event, cannot be disregarded by a court or jury in the absence of something in .the case which discredits the same or renders it against the reasonable probabilities. [Citing cases.]”
 

 We deem that a reasonable inference drawn from physical facts, that would be sufficient to support a finding on a negligence question in an automobile accident case with respect ■to which there had been no testimony given by an eyewitness, is sufficient, if there is testimony of an eyewitness, to contradict such testimony and present a jury issue. This in effect was the holding of the court in
 
 Terrien v. Roenitz
 
 (1934), 214 Wis. 263, 266, 252 N. W. 689. That case involved a two-car collision wherein one of the two drivers was killed. Four occupants of the other car testified that the accident happened on the surviving operator’s side of the road. On appeal this court remarked that the jury “manifestly rejected their testimony as to the Roenitz car being on its right side of the road, and the position of the cars after the collision justified this rejection.” See also
 
 Atkinson v. Huber
 
 (1955), 268 Wis. 615, 68 N. W. (2d) 447.
 

 Strong reasons of public policy support the rule that a jury may reject the testimony of an eyewitness and base a finding of negligence on a conflicting reasonable inference deduced from the physical facts. The courts are confronted with quite a number of automobile accident cases involving
 
 *642
 
 two vehicles in which death or retrograde amnesia prevents one of the drivers from testifying as to the facts of the accident. The other driver would enjoy an undue advantage if the jury were required to accept his testimony and reject any reasonable inference deducible from the physical facts which was contradictory to the testimony unless such inference were the only one which could be drawn therefrom. Furthermore, a reasonable inference drawn from physical facts is often more reliable evidence than the testimony of an eyewitness. This is because such eyewitness testimony is all too often based upon a reconstruction of facts after the event, rather than upon actual recollection of such facts as they were observed prior to impact.
 

 Was Holewinski Entitled to the Emergency Rulef
 

 Under the version of the facts of the accident as testified to by Holewinski, the Pagel car invaded Holewinski’s traffic lane when but 300 to 400 feet away, and the impact ensued within a couple of seconds. Furthermore, the jury did find John Pagel causally negligent with respect to position on the highway and such finding is not attacked on this appeal. In view of this and the further fact that the jury absolved Holewinski of any negligence with respect to lookout, defendants’ counsel argue that the finding that Holewinski was guilty of causal negligence as to management and control is not sustained by the evidence. We are requested to hold as a matter of law that Holewinski was confronted with an emergency which precludes any finding of negligent management and control on his part.
 

 Inasmuch as we have determined that the finding of causal negligence on the part of Holewinski with respect to position on the highway must be permitted to stand, such negligence makes inapplicable the emergency rule. This is
 
 *643
 
 because Holewinski’s own negligence contributed to cause the emergency. In the absence of application of the emergency rule, the jury could well have concluded that Holewinski was causally negligent in not applying his brakes when the lights of the Pagel car indicated that it was invading his traffic lane when a distance of 300 to 400 feet separated the two vehicles. Therefore, there is credible evidence to support the jury’s finding with respect to Holewinski’s management and control.
 

 Apportionment of Negligence.
 

 Inasmuch as both drivers were found causally negligent with respect to position on the highway and management and control, it is contended that the apportionment of the greater negligence to Holewinski is based on mere speculation and conjecture.
 

 The mere fact that each driver is guilty of the same category, or categories, of negligence does not require that the jury apportion the negligence equally between them.
 
 Evjen v. Packer City Transit Line, supra.
 

 The instant accident happened on a long, sweeping curve. Such curve angled to Pagel’s left and Holewinski’s right. Although Holewinski saw the lights of the Pagel car invading his traffic lane when the two cars were 300 to 400 feet apart, he continued to drive ahead at a speed of 40 to 45 miles per hour. He testified that for “the last few seconds,” because of such lights of the approaching Pagel vehicle, “I couldn’t see where I was on the highway.” The jury could conclude that this proceeding ahead blindly without reducing speed constituted a very high degree of negligence. There is no testimony that John Pagel drove blindly in a like manner during the last few seconds prior to impact. While the physical fact of the absence of skid marks indicates that he
 
 *644
 
 also did not apply his brakes, neither the jury nor this court should speculate that his vision was blinded in the same manner as was Holewinski’s.
 

 Under these facts we hold that the jury could rightfully attribute the greater percentage of the aggregate causal negligence to Holewinski.
 

 Alleged Error in Instructions.
 

 The trial court included no instruction on the emergency rule in its charge to the jury, and the giving of the same was not requested in writing by the defendants. Inasmuch as the jury found both drivers causally negligent with respect to position on the highway, neither was entitled to the benefit of the emergency rule.
 

 Furthermore, each side claimed that its traffic lane was invaded by the other. Therefore, the failure to give an instruction on the emergency rule affected both sides equally. In
 
 Schulz v. General Casualty Co.
 
 (1939), 233 Wis. 118, 126, 288 N. W. 803, it was held that failure to give a proper requested instruction in an automobile collision case was not error where it affected both drivers in the same way and to the same degree. This same principle would apply to a failure to give a proper instruction which was not requested, but which should have been included in the charge.
 

 By the Court.
 
 — Judgment affirmed.
 

 [1]
 

 In the
 
 New Amsterdam Casualty Co. Case
 
 the trier of fact was the court sitting without a jury, while in the other three cited cases the facts were determined by special verdict of a jury.