GILBERG and another, Appellants, v. TISDALE and another, Respondents.

*March 7—April 4, 1961.*

For the appellants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondents there was a brief and oral argument by *Donald L. Farr* of Eau Claire.

BROWN, J.   Evidence which the jury could believe is: The only eyewitnesses to the accident are Tisdale, his guest passenger, Rieder, and Mrs. Gilberg herself. Her memory is a blank from about twenty or twenty-five minutes to 1 a. m. until she came to in the hospital. The last she remembers before the accident is that she was walking from her home on the west side of the highway toward the highway but she does not remember coming onto the pavement. Her outer clothing was dark red and consisted of jeans and a knitted jersey.

At the place of the accident the roadway is level and straight. The night was dry and clear. Tisdale was going south and was in the west lane of the highway. His speed was not more than 50 miles per hour. His headlights were good but he did not see Mrs. Gilberg lying in the road in his path until he was 75 to 100 feet distant. He swerved his car to the left but was unable to avoid her. The highway is an old one and is darker than new cement. Cracks were repaired with tar.

On the day of the accident Mr. and Mrs. Gilberg and some friends went to the county fair. When they got to the fairgrounds she had some beer and after the races she had some more. She and her husband then drove to the Lake Hallie Tavern which Mr. Gilberg manages. The Gilbergs' home connects with the tavern. Mrs. Gilberg had more beer at

the tavern. At about 10:30 p. m. she left the tavern and drove in her automobile to the Twin Cities Cafe, about a quarter of a mile distant. She did not go into the cafe but she removed the car keys and then went to sleep in the car. In about an hour she woke up but had forgotten where her keys were so she walked back to the Lake Hallie Tavern. She could not get into her home, she said, without her keys. She asked a man at the tavern if her husband was there but upon learning that he was, she left the tavern intending to go back to the Twin Cities Cafe to make further search for her keys. She remembers approaching the road but not entering upon it and does not remember anything from that time on until she was in the hospital.

The doctor who attended her at the hospital testified that she smelled strongly of liquor and that Mrs. Gilberg told him that she was under the influence of liquor. Later the doctor modified Mrs. Gilberg's admission to one that she had been drinking prior to the accident.

The appellants contend that the trial court gave three erroneous instructions in charging the jury.

We quote from appellants' brief:

"The plaintiffs' position on this appeal is that the verdict of the jury, apportioning 75 per cent negligence to plaintiff Norma Jean Gilberg and 25 per cent to the defendant driver, is not warranted by the evidence; that such apportionment of negligence was prejudicially affected by improper instructions by the trial court."

The instruction they criticize was:

"This rule, however, does not apply to situations where the object or obstruction ahead, although within the range of the driver's headlights or vision may not reasonably be discovered because it blends with the color of the roadway or surroundings. When I refer to an object or obstruction that may not reasonably be discovered, I mean an object or obstruction that may not be seen by a driver exercising ordi-

nary care with respect to lookout in time to enable him to stop before reaching it."

Appellants criticize this instruction as one which erroneously assumes that there was a condition of camouflage. We consider the instruction proper under the circumstances. According to the testimony the pavement was old, darkened, and had been repaired by pouring tar on the cracks. Mrs. Gilberg's clothing is dark and the accident took place in the hours of darkness. She lay flat in the roadway. These conditions could be deceptive to a driver. The evidence warranted the instruction and on the evidence the jury could find that these conditions could impair the driver's appreciation of the obstacle in his path and the nature of the obstacle. The jury weighed the evidence in the light of the instruction and found that the driver was negligent in lookout. Even assuming that the instruction may have affected the jury's comparison of negligence we find it free from error.

Appellants then submit that the court erroneously instructed the jury upon the duties of a pedestrian in the highway. They contend that at the time of the accident Mrs. Gilberg was not a pedestrian because she was lying down, while sec. 346.01, Stats., in the rules of the road defines "pedestrian" as a person afoot. The instruction was:

"You are instructed that it is the duty of every pedestrian to use ordinary care for his own safety when crossing or using a highway intended for use of vehicular traffic. The law requires that he must exercise a reasonably efficient lookout for vehicles as the term lookout has heretofore been explained. He must also exercise reasonable care not to place himself in a position of danger, that is or ought in the exercise of reasonable care to be apparent to him.

"The statutes or rules of the road further provide that pedestrians must yield the right of way to vehicles except at designated intersections or crosswalks and to walk upon the left-hand side of the highway."

The special verdict did not have a question on the duty of a pedestrian to yield the right of way. The last sentence of the instruction may be superfluous but under the circumstances is not prejudicial.

The evidence is that Mrs. Gilberg approached the highway intending on foot to cross it or to walk along it on her way to the Twin Cities Cafe. In pursuing that purpose she was a pedestrian and had the duties of a pedestrian. It is quite clear that when the pedestrian lay down in the road voluntarily or fell down in it involuntarily after drinking beer, a reasonable inference is permitted the jury that she was not observing ordinary care for her own safety in crossing or walking along the highway. Whether or not she can properly be considered a pedestrian while she was lying there, while she *was* a pedestrian she did not observe the care required of pedestrians and that lack is a cause of her accident. On the evidence the instruction is free from error.

Appellants next complain of the following instruction:

"If you find from the greater weight of the credible evidence to a reasonable certainty that just before the accident Norma Jean Gilberg was lying on the roadway in an immobile position in the normal path of vehicles lawfully using the highway at the time and place in question, you may infer from this fact and the accident and injury and the surrounding circumstances that Norma Jean Gilberg was negligent as to her own safety unless she has offered a satisfactory explanation of her position on the highway."

Mrs. Gilberg had no explanation whatever for lying in the road but she submits here that it was error for the trial court to permit the inference of negligence on her part from that fact. The instruction does permit that inference and we think the evidence well warrants it. She had done considerable drinking in the hours immediately preceding her

accident. After drinking she drove her car to a cafe which she did not enter but she parked her car there and went to sleep. When she waked she could not remember what she had done with her keys. She walked home but when she could not get in the street door because it was locked and she had no key, she did not enter through the connecting door from the tavern which her husband managed. Instead she started back on foot to her car to try again to find her keys. On the way there she lay down or fell in the road. All such drinking was her voluntary act. Immediately after the accident she was found to give off a strong odor of liquor and her attending doctor testified that she had told him that she was under the influence of liquor, though later in his testimony he said that she had told him only that she had been drinking. At any rate, all reasonable inferences adduced from the evidence are permitted to the jury.

"The drawing of reasonable inferences from the evidence presented constitutes part of the function of fact finding which is vested in the jury." *Behringer v. State Farm Mut. Automobile Ins. Co.* (1959), 6 Wis. (2d) 595, 598, 95 N. W. (2d) 249.

The behavior of the plaintiff during the hours closely preceding the accident gives a good basis for the inference that Mrs. Gilberg overindulged in liquor and was then without ability or without concern to take care of herself in her use of the highway.

Appellants assign error because the trial court failed to give an instruction requested by plaintiffs that because of amnesia as to events immediately preceding the accident, Mrs. Gilberg was entitled to a presumption that she exercised due care. In *Atkinson v. Huber* (1955), 268 Wis. 615, 618, 68 N. W. (2d) 447, we disposed of this contention as follows:

"This court is committed to the doctrine that where, in a negligence case, evidence is introduced which would support a jury finding contrary to the presumption that a deceased person or one who has suffered amnesia exercised due care for his own safety, the presumption is eliminated and drops out of the case entirely and no instruction upon that subject should be given to the jury."

What we have said in reference to the facts of this accident would amply support a finding of causal negligence on the part of Mrs. Gilberg and that she did not exercise due care for her own safety. Under such circumstances the requested instruction should not have been given.

Appellants next submit that the court erred in refusing an instruction concerning the statutory requirements pertaining to headlights. Defendant Tisdale testified that his headlights were good. There is no testimony that they were not. A jury finding that the headlights were not as good as the statute demands would have no support in the evidence. The requested instruction was properly refused.

Finally, appellants contend that, even if Mrs. Gilberg was intoxicated before and at the time of the accident, her intoxication was not causal. This contention has no merit. The evidence would support an inference by the jury that the liquor, which Mrs. Gilberg drank during the afternoon and evening preceding the accident, had put her to sleep in her car earlier and that it now overcame her will or her ability to walk, leaving her lying in the path of oncoming automobiles.

Although appellants' counsel has sought diligently to discover error in the course of the trial we are not persuaded that there has been.

*By the Court.*—Judgment affirmed.